## ATLAS SUPPLY CO. v. HARDIE.
### No. 2537.

Court of Civil Appeals of Texas.   El Paso.
May 14, 1931.

L. B. Otey and McGown & McGown, all of Fort Worth, for appellant.

Baskin, Eastus & Greines, of Fort Worth, for appellee.

PELPHREY, C. J.

Atlas Supply Company, an Oklahoma corporation, with a permit to do business in Texas, sued Joe Hardie for a balance of $6,206.51, alleged to be due on an account for goods, wares, and merchandise delivered by it to him and used in the Gale Apartments in the city of Fort Worth, Tex.

Appellant alleged that on or about March 2, 1925, down to and including November 14, 1928, it delivered to appellee goods, wares, and merchandise in the total amount of $27,999.41; that of said amount $21,782.90 had been paid, which payments had been credited to the oldest items of the account, there being no request to credit them on any particular portion of the account; that a balance of $6,206.51 remained which appellee refused to pay; that appellee, on or about November 30, 1927, for a valuable consideration, in writing, acknowledged the correctness of the account and agreed to pay it. The account was itemized and sworn to by W. L. Black, as the authorized agent of appellant.

Appellee answered by general demurrer, special exception, a general denial, a plea of the two-year statute of limitations, except as to the latter items amounting to the sum of $217.30; that appellant had agreed that appellee should assign to it a certain mechanic's lien note in the approximate sum of $9,100, which had been executed to appellee for the labor, materials, and supplies furnished by him, and had accepted said note in full payment and as security for the supplies furnished him; that appellant had agreed to look solely to such note for the payment of sums due and to become due, and that any excess or difference between the amount of said note and the supplies so furnished by appellant was to be paid to appellee in payment of the labor and material furnished by him; that appellant negligently and carelessly handled the collection of the note, and, without his knowledge or consent, accepted a sum much less than the amount for which the note was given; and that by reason thereof appellee did not receive payment for the labor and material furnished by him, to his damage in the sum of $3,500.

Appellant, by supplemental petition, demurred to the answer, generally denied the allegations thereof, and specially denied accepting the $9,100 note in payment for the supplies furnished by it. It admitted the acceptance of the note and alleged that it placed same in the hands of its attorneys for collection, but denied that the collection was handled negligently and carelessly or that the collection was handled without the knowledge or consent of appellee. It further alleged that appellee had other lien claims against the Gale Apartments for $650 and $1,890, respectively, which were also deposited with appellant as collateral and as security for its account; that the three amounts were collected by appellant in a suit pending in the district court of Tarrant county; that the property was sold by a receiver, but on account of the vast number of lien claimants it received out of the sale only $6,000, which it applied on the indebtedness of appellee; that the account sued on only showing an application of $5,250, appellant tenders $750 additional to be applied on appellee's account; that appellant in the collection of the mechanic's lien note and contracts acted diligently, and, in view of the involved status of the Gale Apartments and the many conflicting lien claims, procured a good settlement; and that appellee authorized appellant to use its own discretion and judgment in the settlement thereof.

The cause was submitted to a jury as follows:

"Question No. One: Do you find that the defendant, Joe Hardie, is indebted to the plaintiff, Atlas Supply Company, for any or all of the items set forth in their account filed herein?

"Question No. Two: If you have answered the above question in the negative, you need not answer this question, but if you have answered same in the affirmative, then answer: In what amount do you find that the defendant, Joe Hardie is indebted to the plaintiff, Atlas Supply Company, for the items set forth in their acount filed herein? Answer in dollars and cents."

Upon the jury having answered the first question in the negative, and appellee having

withdrawn his cross-action, the court rendered judgment that appellant take nothing and that appellee take nothing on his cross-action.

### Opinion.

Appellant's eight assignments of error question the sufficiency of the law and evidence to support the verdict and judgment and question the action of the trial court in refusing its requests for instructed verdicts in its favor on its cause of action and upon appellee's cross-action.

The reasons given by appellant in support of the above assignments as set forth in its three propositions are: (1) That appellant having sued upon an open account, verified by its agent to be just and true, the introduction thereof is prima facie evidence thereof, and appellee not having denied that same was just and true, in accordance with article 3736, Revised Statutes 1925, appellant was entitled to an instructed verdict; (2) that appellee not having denied the account under oath, but having pleaded a cross-action for negligence in handling of the securities, which cross-action he withdraws in open court, there remains no controverted issue of fact to be submitted to a jury, and the court should have instructed a verdict for appellant; and (3) that the suit being on a verified account and not denied under oath by appellee, and appellee having testified that he had gone over the account and did not know what part he owed and what part he did not, there was no issue to submit to the jury.

We cannot agree with these contentions.

Appellee pleaded as follows: "Said defendant further alleges that it was agreed by and between plaintiff and defendant that the defendant would assign to plaintiff a certain mechanic's lien note in the approximate sum of $9100.00, which had been executed to the defendant for said labor, materials and supplies to be furnished, and which was secured by a mechanic's lien on the lot and improvements upon which said work was being done and that the said plaintiff thereupon accepted said note in full payment and as security for the supplies to be furnished by said plaintiff and agreed with this defendant to look solely to said note and the proceeds thereof for the payment of the sums due and to become due for said supplies so furnished and to be furnished."

Appellant specially denied that it had so accepted the note.

Nor do we think the withdrawal by appellee of his cross-action in any way affected his right to be heard on the above plea. It seems to be well settled that the filing of a verified account does not preclude the defendant to deny his liability, and that it does not preclude him from proving that the account has been paid in whole or in part, or from asserting a counterclaim against the same. American Druggists' Syndicate v. Holt Drug Co. (Tex. Civ. App.) 272 S. W. 508, and authorities there cited.

It is clearly apparent that appellee, by his answer, was contending that he was not liable because appellant had accepted the mechanic's lien note in full payment for the supplies furnished, and it appears from appellee's testimony that the supplies furnished went into the Gale Apartments, the one upon which the note was given to appellee.

If that be true, then appellee would not be liable, regardless of the fact of the correctness of each item on the account sued on.

We have therefore concluded that appellant was not entitled to an instructed verdict, and the judgment of the trial court is accordingly affirmed.