**TELEVISION BROADCASTERS, INC.,
d/b/a Station KBMT–TV, Appellant,**

v.

**MOTION PICTURES FOR TELEVISION,
INC., and Western Television, A Division
of Television Industries, Inc., Appellees.**

No. 6518.

Court of Civil Appeals of Texas.

Beaumont.

June 6, 1963.

James D. McNicholas, Beaumont, for appellant.

James T. Wright, Jasper, for appellees.

McNEILL, Justice.

Plaintiffs (appellees) sued on a verified account. They alleged they had furnished defendant certain films for TV broadcasting purposes under a contract made on April 22, 1954, and that the sum due was $10,900.85. The petition also alleged that by a supplemental agreement dated June 18, 1956, (Exhibit "B"), defendant was given the option of paying said sum either in cash or by making available to plaintiffs

between July 1, 1956, and June 30, 1958, a total of 3120 TV "spots" on defendant's broadcasting programs. It was provided that if some "spots", but not all 3120, were made available, that this would be payment pro tanto. Prayer was for recovery of the sum stated.

Defendant filed unverified answer containing general denial and pleas of the two and four year statutes of limitation.

Plaintiffs served defendant with request for admissions. The fifth and sixth items of the request and the answers thereto were:

"5. That in said written agreement designated Exhibit B, said Randolph C. Reed, in his capacity as President of said Defendant, acknowledged that said Defendant was indebted to Plaintiff in the sum of $10,900.85.

"It is admitted that the Defendant acknowledged the sum of $10,900.85 to be due as of June 18, 1956 under the specific terms of the original contract dated April 22, 1954.

"6. That said sum of $10,900.85 has not been liquidated or paid by said Defendant to Plaintiff.

"The Defendant admits that said sum of $10,900.85 has not been paid in cash. The Defendant denies that the '3120 Spots' referred to in Exhibit B of Plaintiff's Petition were not pursuant to said agreement made available to Plaintiff in liquidation of said sum prior to the date that it terminated commercial operations."

After this response to the request, plaintiffs then filed motion for summary judgment based upon the pleadings which included its verified account, and the response to the request for admissions above set out. The motion was granted and judgment rendered against defendant for the debt.

■ This was error. The facts reflected above indicate a genuine issue of the fact, i. e., whether defendant had made available these TV "spots". Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929; Ridenour v. Wilkes, Tex.Civ.App., 283 S.W.2d 401(5). Under the contract pleaded by plaintiffs, defendant had the option of either paying the sum of money in cash or making these "spots" available. This was a method of discharging the debt, of paying the obligation. In order to show such payment, it was not necessary to deny the justness of the verified account under oath. Atlas Supply Co. v. Hardie, Tex.Civ.App., 38 S.W.2d 844; Chisos Mining Co. v. Chicago Pneumatic Tool Co., Tex.Civ.App., 142 S.W.2d 549; Goddard Machinery Co. v. Industrial Equip. Repairs, Tex.Civ.App., 351 S.W.2d 371; 1 Tex.Jur.(2) 332, 333.

■ Plaintiffs say, however, that because defendant has not pleaded payment, the summary judgment was properly granted. Their position is not correct. Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233(8); Nix v. Davis, Tex.Civ. App., 358 S.W.2d 225(4).

Judgment is reversed and the cause remanded.