Paul P. ROSE et al., Appellants,

v.

Samuel SHEARRER, Appellee.

No. 14711.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 18, 1968.

Vaughan & Vaughan, San Antonio, for appellants.

Arnold W. Franklin, Jourdanton, for appellee.

BARROW, Chief Justice.

Appellants, Paul P. Rose and Clarence Rinard, architects operating in San Antonio under the firm name of Rinard & Rose, filed this suit to recover the sum of $5,-268.39, alleged to be due under an oral contract to perform architectural services for a proposed shopping center to be constructed by defendant, Samuel Shearrer, together with their attorneys' fee in the amount of $2,500. A take-nothing judgment was rendered upon a jury verdict and plaintiffs have perfected this appeal.

The petition filed by appellants, although not in the form provided by Rule 185, Texas Rules of Civil Procedure, was verified by an affidavit of Rose that the facts and allegations in same were true. Appellee's answer contained a general denial and a special plea that the claim was "wholly not just or true." This answer was also verified by an affidavit by Shearrer that the facts and allegations in same were true. Shearrer alleged in a trial amendment that the agreement between the parties was that appellants were to be paid only in the event financing could be obtained to cover the construction costs, and that the low bid on the proposed work was not in excess of $90,000. The jury found: 1. Defendant did not agree to pay plaintiffs on the basis of 6% of construction costs as determined by the low bid. 2. A reasonable attorneys' fee is $300.00. 3. The parties did agree that the architectural fees for this project should be paid only in the event financing could be obtained in the full amount of construction costs. 4. The parties did agree that no architectural fees should be paid if the low bid was in excess of $90,000.

Appellants present six points on this appeal which are all briefed together. They urge that the trial court erred: 1. In allowing defendant to file the trial amendment over their objection. 2. In allowing the trial amendment after defendant had closed. 3. In overruling their motion for instructed verdict since the trial amendment was not verified as required by Rule 185, T.R.C.P. 4, 5. In submitting Special Issues Nos. 3 and 4, because there was no evidence and no verified pleading to support same. 6. In overruling their motion for judgment non obstante veredicto.

In September, 1965, Shearrer desired to enlarge his grocery store in Pleasanton, Texas. Rose learned of this plan through a mutual friend and contacted Shearrer with the view of appellants' performing the necessary architectural services. In the initial meeting there was no mention of appellants' fee, but simply a discussion of Shearrer's plan to enlarge his store. Rose subsequently prepared preliminary sketches in the form of three proposals. The store could be remodeled, enlarged, or relocated on the opposite end of the block owned by Shearrer. Shearrer decided on the proposal to relocate the store and to construct several small rental shops in the same center with the store. Appellants thereafter prepared complete working plans and specifications which were submitted to seven contractors for bids. Six bids were received, with the low bid being in the amount of $121,628.39. Shearrer had previously obtained a loan proposal in the maximum amount of $90,000, and after an unsuccessful attempt to omit enough items from the plans to bring the low bid down to the amount of the loan proposal, all bids were rejected. As soon as appellants learned the building would not be constructed, they submitted their statement in the amount of 75% of 6% of the low bid, less $250.00 paid on account, which statement was computed on the basis of the American Institute of Architects code of ethics.

Two witnesses testified to the terms of the oral agreement and their testimony is conflicting. Rose testified that the architects' fee was discussed with Shearrer and that appellants had agreed to do the job for six per cent of the total contract cost, which was the recognized standard A.I.A. rate for this type of work. Shearrer testified, however, that in the discussion of the fee which occurred in the second meeting he informed Rose that: " 'Paul, my being able to do this, including the fee,

will require me being able to obtain a loan,' and he (Rose) said, 'We do help in this matter,'" and Rose requested that Shearrer prepare a financial statement. Furthermore, Shearrer testified that: "I did not make any arrangements to pay Mr. Rose a fee because I told him from the beginning it would be contingent on getting a loan to build this building with, * * *." In response to a question as to whether there was a limitation on the cost, Shearrer testified that the limitation had been placed by the manager of the insurance company loan department who had offered to loan a maximum of $90,000 after reviewing the preliminary sketch and Shearrer's financial statement. This manager was a friend of Rose and the conversation occurred in the presence of Rose. Shearrer quoted Rose as stating, prior to submission of bids, that this building which contained 11,000 sq. ft. could be built for around $8.00 to $8.50 per sq. ft. Shearrer testified, in response to a direct question that there was no agreement to pay appellants in the event the bid was more than $90,000.

Appellants urge that since the proposed plans were accepted by Shearrer and bids requested on same, Shearrer was obligated to pay for the architectural services rendered in preparing the plans. No recovery was sought on a quantum meruit. Recovery is sought only under an oral agreement and the agreement, as found by the jury, was that Shearrer was to pay appellants only if the low bid did not exceed $90,000 and financing was obtained to cover the full amount of the construction costs. The evidence is uncontradicted that neither of these contingencies was met.

█ The applicable rule in this situation is, as stated in 5 Am.Jur.2d, Architects, § 17, as follows: "Moreover, an architect holds himself out as an expert in his particular line of work and is employed because he is believed to be such, and, in making estimates, he may not be negligent in exercising the skill and judgment which those employing him have a right to expect; therefore, *where plans are required*

*for a building which is not to cost more than a certain sum,* or are accepted on condition that it can be constructed for an amount specified by the architect, he *cannot recover* compensation for his services in this regard if the cost of the building, constructed according to his plans, substantially exceeds that specified." (Emphases added.) This Court in Bueche v. Eickenroht, 220 S.W.2d 911 (Tex.Civ.App.1949, no writ), recognized such a rule in stating: "If there was a positive limit of $18,000 stipulated in the employment contract, then appellee clearly violated this stipulation in preparing the plans and specifications and cannot recover upon his contract." See also: Ochiltree County v. Hedrick, 366 S.W.2d 866, 870 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.); Bliss v. Bliss, 363 S.W.2d 309 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n. r. e.); Dudley v. Strain, 130 S.W. 778 (Tex.Civ.App.1910, no writ).

Appellants cite Baylor University v. Carlender, 316 S.W.2d 277 (Tex.Civ.App.—Dallas 1958, writ ref'd n. r. e.), in support of their position. It is seen, however, that in this suit involving an architect's claim upon a written contract there was no contention that a cost limitation was fixed by the owner and, in fact, the parties intentionally excluded any cost limitation. The jury found that there was no representation by the architect as to the cost of the building. Therefore, the Court applied the rule applicable where the plans are prepared according to details dictated by the owner without regard to the cost of construction and without requiring an estimate by the architect as to the cost of same.

█ The jury found, by Issues Nos. 3 and 4, that the oral agreement provided in effect for a contingent fee arrangement for appellants and since, under the uncontradicted evidence, these contingencies were not met, appellants were not entitled to a fee. Special Issues Nos. 3 and 4 were raised by trial amendment filed by Shearrer over appellants' objection after both sides had closed their case, but before the submission of the charge to the jury. Rule

67, T.R.C.P., provides that when issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in pleadings and such amendment as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of the court at any time up to the submission of the case to the jury. Rule 66, supra, provides in part that "the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits." While it is true that the application of these rules is within the sound discretion of the trial judge, nevertheless, the interpretation followed by the appellate courts is that such discretion is to be exercised liberally in favor of justice. Alamo Ambulance Service, Inc., v. Moulton, 402 S.W.2d 200, 204 (Tex.Civ.App.—San Antonio 1966), affirmed, 414 S.W.2d 444 (Tex.Sup.1967); Jim Walter Corp. v. Bass, 356 S.W.2d 356 (Tex.Civ.App.—Texarkana 1962, no writ).

Here the issues raised by this trial amendment were fully supported by the testimony of Shearrer which was admitted without objection by appellants. Although appellants objected to the filing of this trial amendment, they did not request a continuance or postponement. They did not point out to the trial court any prejudice in the filing of this amendment. Only Rose and Shearrer took part in the conversations wherein the fee arrangement was discussed and both testified fully as to same. Another architect was permitted to testify on behalf of appellants that he would not agree to work on a contingent basis. We conclude from an examination of this record that the trial court did not abuse its discretion in permitting the filing of this trial amendment.

Appellants urge that said trial amendment was ineffective in any event because same was not verified as required by Rule 185, supra. This was not necessary in the first place, in that appellants' petition was not brought in the form required by this Rule. Shearrer filed an affidavit, in the same form used by appellants, denying under oath that he owed any part of the claim asserted herein. This sworn denial was not superseded by the trial amendment. McDonald, Texas Civil Practice, § 8.07–B. However, even if we should assume appellants' claim was properly presented under Rule 185, the defense of confession and avoidance is available even in the absence of a sworn denial. Goddard Machinery Co. v. Industrial Equipment Repairs, 351 S.W. 2d 371 (Tex.Civ.App.—Waco, 1961, no writ); Yelton v. Bird Lime & Cement Co., 161 S.W.2d 353· (Tex.Civ.App.—San Antonio 1942, writ ref'd w. o. m.).

The trial court did not err in rendering a take-nothing judgment on the jury verdict. The judgment is affirmed.