**H. B. BROWN, Jr., d/b/a Brown Development Company, Appellant,**

v.

**Merriel E. CLARK, d/b/a Clark Brick Sales, Appellee.**

No. 8459.

Court of Civil Appeals of Texas, Texarkana.

Oct. 18, 1977.

M. Mark Lesher, Lesher & Franks, Texarkana, for appellant.

David L. James, Keeney, Anderson, Miller, Oliver & Carter, Inc., Texarkana, for appellee.

RAY, Justice.

This is a summary judgment case. Merriel E. Clark, d/b/a Clark Brick Sales, appellee (plaintiff), brought suit against appellant (defendant), H. B. Brown, Jr., d/b/a Brown Development Company, seeking sums of money due for goods sold to Brown on open account. Clark filed a motion for summary judgment which was granted by the trial court. Appellant Brown has perfected his appeal and submits three points of error for our consideration.

Appellee Clark filed his sworn petition with attached accounts for services rendered and materials furnished. Appellant Brown replied with a sworn answer raising the affirmative defenses of payment and waiver. The answer did not contain a denial stating that any or all of the account items were not just and true as required by Rule 185, Tex.R.Civ.P. On the basis of this omission, the appellee filed his motion for summary judgment. The appellant filed no response. The motion was directed only towards the pleadings and was unsupported by affidavit. Following a hearing on the motion, summary judgment was granted, and the appellee was awarded damages and attorney's fees.

The judgment of the trial court will be affirmed as to the award of damages on the sworn account, but reversed and remanded as to the award of attorney's fees.

The rules governing actions on a sworn account are narrow and certain. A claim on a sworn account when properly styled and verified, constitutes prima facie evidence of the validity of the claim unless the opposing party files a written denial

under oath stating that some or all of the account items are not just and true. Tex.R. Civ.P. 185; Tex.R.Civ.P. 93(k). Strict adherence to the requirements of these rules is required. *Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432 (Tex.Civ.App. Corpus Christi 1976, no writ). A defendant's failure to file his answer in the language of Rule 185 can be fatal. *McDonald v. Newlywed's, Inc.*, 483 S.W.2d 334 (Tex. Civ.App.Texarkana 1972, writ ref'd n. r. e.; *Goodman v. Art Reproductions Corporation*, 502 S.W.2d 592 (Tex.Civ.App.Dallas 1973, writ ref'd n. r. e.). Such a failure amounts to an admission that the account is correct and therefore no issue of fact as to the validity of the claim is presented. *Akins v. Coffee*, 376 S.W.2d 953 (Tex.Civ.App.Dallas 1964, writ dism'd); *Bruce v. McAdoo*, 531 S.W.2d 354 (Tex.Civ.App.El Paso 1975, no writ); *Leyendecker v. Santa Rosa Medical Center*, 533 S.W.2d 868 (Tex.Civ.App.Tyler 1976, no writ). See also 2 McDonald's, Texas Civil Practice, Sec. 7.31.——(f). The absence of any issue of fact related to the validity of the claim which stems from the deficiency in the appellant's pleadings, forms the basis for an award of summary judgment on the pleadings. *Hidalgo v. Surety Savings and Loan Association*, 462 S.W.2d 540, 543 (Footnote No. 1) (Tex. 1971); *Wilson v. Browning Arms Company*, 501 S.W.2d 705 (Tex.Civ.App.Houston–14th Dist. 1973, writ ref'd). When a motion for summary judgment is directed solely to the pleadings, no supporting affidavits are necessary. 4 McDonald's, Texas Civil Practice, Sec. 17.26.8(b)(i).

■ By his second point of error, the appellant opposes the award of summary judgment by the assertion that genuine issues of material fact regarding payment on the account and waiver of payment were raised by his sworn answer. Such defenses of confession and avoidance are available in a suit on a verified account even in the absence of a sworn denial. 1 Tex.Jur.2d, Accounts and Accounting, Sec. 85; *Television Broadcasters, Inc. v. Motion Pictures for Television, Inc.*, 368 S.W.2d 851 (Tex. Civ.App.Beaumont 1963, no writ); *Rose v. Shearrer*, 431 S.W.2d 939 (Tex.Civ.App.San Antonio 1968, no writ).

■ The appellant failed to substantiate his defensive pleadings with summary judgment proof. The mere pleading of an affirmative defense in the nature of confession and avoidance to a verified pleading seeking recovery on an open account is not sufficient to raise a genuine issue of material fact such as would preclude a summary judgment. *Solar v. Petersson*, 481 S.W.2d 212 (Tex.Civ.App.Houston–14th Dist. 1972, no writ). When a movant produces summary judgment evidence establishing his rights to a judgment, such right will not be denied merely because of the pleading of matters, which, if proved, would require the rendition of a different judgment. *King v. United Distributing of Texas, Inc.*, 463 S.W.2d 456 (Tex.Civ.App.Dallas 1971, no writ); *Gulf, Colorado & Santa Fe Railway Co. v. McBride*, 159 Tex. 442, 322 S.W.2d 492, 500 (1958); *Jeffrey v. Larry Plotnick Co., Inc.*, 532 S.W.2d 99 (Tex.Civ.App.Dallas 1975, no writ).

■ Under the peculiar rules governing causes of action on sworn accounts, the burden of going forward with evidence on affirmative defenses falls upon the one asserting such defenses, particularly in summary judgment proceedings. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974). The failure of appellant to come forward with summary judgment proof supporting his affirmative defense was a fatal error. Appellant's second point of error is overruled.

■ The appellant's third point of error is similarly found to be without merit. The appellant has asserted for the first time on appeal that the account sued upon was usurious. This assertion is not understood to raise a claim of such fundamental error as to except the appellant from the general rule of appellate courts against consideration of questions not raised in the trial court. The appellant does not assert matters of public interest or judicial action without jurisdiction. See generally 3 Tex. Jur.2d, Rev., Appeal and Error—Civil Cases, Sec. 98, et seq. The appellant's third point of error is overruled.

In point of error number one appellant complains of the award of attorney's fees. Article 2226, Tex.Rev.Civ.Stat., permits an award of attorney's fees to the successful claimant on sworn accounts. The appellant, however, contends that the appellee has not adduced the requisite proof to warrant the assessment of attorney's fees through summary judgment.

The question of what sum constitutes reasonable attorney's fees is a fact issue that cannot ordinarily be determined in a summary judgment proceeding. *Coward v. Gateway National Bank of Beaumont*, 525 S.W.2d 857 (Tex.1975). In the present case, it was error for the trial court to determine the amount of attorney's fees as a matter of law. That portion of the summary judgment related to attorney's fees is reversed and remanded for further consideration by the trial court.

Affirmed in part and reversed and remanded in part.