**TRAVELERS CONSTRUCTION, INC., Appellant,**

v.

**WARREN BROTHERS COMPANY, Appellee.**

No. B2493.

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 4, 1981.

Rehearing Denied March 25, 1981.

Kenneth Mahand, Houston, for appellant.

Jacky B. Franklin, Shapiro, Forbes & Cox, Houston, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

This is a suit on a sworn account under Rule 185 of the Texas Rules of Civil Procedure (1978). Defendant, Travelers Construction, Inc., appeals from a summary judgment entered in favor of plaintiff, Warren Brothers Company. Reversed and Remanded.

This controversy originated out of a lease agreement between the owner of a certain tract of land, Joseph Javor (Javor), and his lessee, Garbo's, Inc. (Garbo). By the terms of this lease agreement, the lessee was authorized to demolish the building then located on the property and to construct a new building on the leased premises. Several suppliers and building contractors, including Warren Brother's Company (Warren), the Appellee herein, were hired to provide labor and materials for the construction of the new building. Due to numerous defaults and breaches, several mechanic's and materialmen's liens were filed against the property by the suppliers and building contractors. Javor brought a suit seeking, among other things, to cancel the liens and remove the cloud on the title these liens imposed. Warren, as a party defendant to the suit and holder of a lien, filed a general denial, a counterclaim against Javor and a cross-claim against its co-defendant Travelers Construction Company (Travelers), the Appellant herein. After Travelers filed their original answer to the cross-claim, a severance was granted, establishing Warren as plaintiff and Travelers as defendant.

This separate suit is the matter on appeal, and is of the nature of a sworn account action. Warren (Appellee) had provided certain goods and services to Travelers (Appellant) to be used in the construction of a parking lot for the new building that was being erected on Javor's land. Travelers failed to pay for these materials and labor and thereafter Warren filed a mechanic's and materialman's lien on the property for the amount of $4,050.41. After the severance was granted, Warren filed a motion for summary judgment claiming that Travelers' answer was insufficient in law to constitute a defense to the sworn account cause of action and there existed no genuine issue as to any material facts between the parties herein. In support of the motion, Warren filed an affidavit by Raymond Lahti (Lahti), Warren's credit manager, wherein he stated he had personal knowledge of the facts involved in this case

relating to Appellee's files, books and records and further stated the amount owed to Warren was $4,152.22. Attached to the affidavit were copies of invoices and account statements of which Lahti also stated he had personal knowledge.

On January 25, 1980, three days before the summary judgment hearing, Travelers offered to file three pleadings: (1) defendant's first amended original answer, (2) motion for extension of time in which to file opposition to summary judgment, and (3) motion in opposition to summary judgment.

Travelers' first amended original answer, which was verified by Travelers' attorney, contained three defenses: (1) a general denial, (2) the denial that each and every item in Warren's sworn account, which is the basis of Warren's action, is not just or true, and (3) the defense of confession and avoidance specifically alleging that Travelers' vice-president and Warren's credit manager had entered into an agreement in November of 1976 whereby it was allegedly agreed that Travelers would not have to pay Warren unless and until Travelers was paid by the owner and general contractor of the project. There is no order in the record granting leave to file this pleading nor is there any entry on the trial court's docket sheet indicating the same. Notwithstanding this omission, we presume the trial judge granted leave to file the first amended answer. There is no evidence in the record tending to show leave was not granted and in addition Warren did not object or argue this point at trial or in this court. We are especially compelled to reach this presumption based on Warren's admissions throughout its brief relating to the pleading being filed and considered by the trial judge as admissible summary judgment proof.

Travelers' motion for extension of time in which to file opposition to summary judgment was granted by the trial judge by an order signed February 6, 1980. The motion in opposition to the summary judgment contained two allegations: (1) the affidavit of Warren's credit manager, Raymond Lahti, was insufficient as a matter of law because it failed to conform to the Texas Business Records Act [Tex.Rev.Civ.Stat.Ann. art. 3737e (1980–1981)] in that a proper predicate was not laid for admissibility into evidence of the account and supporting invoices attached to the affidavit, and (2) the allegation that Travelers' vice-president, Chester Barton (Barton), and Warren's credit manager, Lahti, had agreed that Travelers would not have to pay Warren unless and until they were paid by the owner and general contractor of the project. Attached to the motion in opposition was an affidavit by Barton swearing to the existence of the said agreement.

Appellant's (Travelers') first point of error contends the trial court erred in granting summary judgment because the supporting affidavit of Appellee's (Warren's) credit manager was insufficient as a matter of law in that it did not conform to the Texas Business Records Act. Appellant bases this contention on Tex.R.Civ.P. 166–A(e) (1978), particularly the language of this rule which states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence....

This rule is qualified by the following provision of Rule 166–A(e):

> Defects in the form of affidavits will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

Appellee, in response to point of error one contends: (1) Appellant's motion in opposition to the summary judgment, which contained the allegation of the defective affidavit, was not filed with leave of the trial court and therefore is controlled by the language in Rule 166–A(c), "Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal," and (2) relying on Rule 166–A(e), if this court decides that Appellant's motion in opposition was before the trial court at the summary judgment hearing, there was no opportunity to cure the defect as a consequence of the late filing.

Point of error one raises three main questions:

(1) If a pleading in opposition to a summary judgment is filed within seven days of the hearing and no order granting leave to file such pleading is signed by the court until after the summary judgment hearing but before the judgment overruling or granting the summary judgment is signed, may this pleading be construed as evidence before the trial judge in determining whether to grant or deny the summary judgment?

(2) If this pleading is so construed as proof before the trial judge and it also contains an objection as to the form of a supporting affidavit already filed by the moving party, does the late filing of the pleading deny the movant the opportunity to amend his allegedly defective supporting affidavit, as provided in Rule 166–A(e)?

(3) If the late filing did not deny the movant an opportunity to amend his defective affidavit, is the Appellee's affidavit in this case still sufficient to be admissible as summary judgment proof of any type?

■ The first question may be answered in the affirmative. Rule 166–A(c) clearly provides:

> Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, on file at the time of the hearing, *or filed thereafter and before judgment with permission of the court. . . .*" (emphasis added)

■ Therefore, as emphasized, the trial court clearly has the discretion in allowing late filing of opposing proof any time before the signing of the summary judgment. *Ervin v. Gerber Life Insurance Co.*, 566 S.W.2d 45 (Tex.Civ.App.—Beaumont 1978, writ ref'd); *General Plywood Co. v. Colins*, 414 S.W.2d 224 (Tex.Civ.App.—Amarillo 1967, no writ). We find no abuse of discretion in the trial court's granting the Appellant's motion for extension of time in which to file opposition to the summary judgment and the court's consideration of the proof presented in the actual motion in opposition to the summary judgment.

■ The second question before us under point of error one is whether Appellant's objection to the supporting affidavit filed by Appellee was made at such a late time as to prevent the Appellee opportunity to amend the supporting affidavit (Rule 166–A(e)). We hold the Appellee had ample opportunity to cure the defect, if any existed, in the supporting affidavit. The motion in opposition was hand-delivered to Appellee's attorney before the summary judgment hearing as stated in the certificate of service. Also, Appellee should have known of the defect on February 6, this being the day the trial judge granted leave to file Appellant's motion in opposition to summary judgment. The final order granting summary judgment was signed March 17, therefore allowing Appellee at least thirty-nine days to amend the allegedly defective affidavit of Lahti. Therefore, Appellant's tardiness in filing and obtaining leave to file the motion in opposition to the summary judgment did not result in denying the Appellee opportunity to amend the allegedly defective affidavit.

■ The third question that necessarily follows under point of error one is whether the Appellee's affidavit was fatally defective. The affidavit of Lahti was Appellee's only supporting evidence that presented to the court the account and supporting invoices Warren based its case on. The Texas Business Records Act, Tex.Rev.Civ.Stat. Ann. art. 3737e (Vernon Supp.1980–1981), sets out the procedure to follow for presenting business records into evidence:

> Section 1. A memorandum or record of an act, event or condition shall, in so far as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:
>
> (a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

\* \* \* \* \* \*

Section 5. Any record or set of records or photographically reproduced copies of such records, which would be admissible in evidence in any court in this state upon the affidavit of the person who would otherwise provide the prerequisites of Sections 1 through 4 above, that such records attached to such affidavit were in fact so kept as required by Sections 1 through 4 above ...

\* \* \* \* \* \*

Appellee's supporting affidavit fails to conform to art. 3737e and therefore the proper predicate was not laid in presenting evidence of the business records representing the amount Appellant owed Appellee. Lahti's affidavit is defective because he fails to qualify his competency to swear to the truth of the records. Specifically, Lahti failed to swear the records were made in the regular course of business, it was the affiant's regular duty to make such recording and it was made at or near the time of the act or reasonably thereafter. As already stated, Appellee had adequate opportunity to correct these deficiencies in the affidavit but failed to do so. The effect of Appellee not amending the defective affidavit (that was properly objected to) results in the affidavit not being admissible proof having probative force on the ruling of motion for summary judgment. *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961). Therefore, the only admissible proof before the trial court relating to the sworn account claim was the Appellee's verified counterclaim which was filed before the severance. Attached to this pleading was a summary of the account claimed to be owed by Travelers to Warren. Point of error one is

sustained but only to the extent that the trial court should not have considered the affidavit as summary judgment proof. It is proper to grant a summary judgment in a sworn account action where the only supporting proof is the petitioner's sworn pleading originally raising the claim for the account so long as no fact issue has been raised by the defendant. *Brown v. Clark*, 557 S.W.2d 558 (Tex.Civ.App.—Texarkana 1977, no writ). The court in *Brown* at pages 559 and 560 sets out the principles supporting this rule:

The rules governing actions on a sworn account are narrow and certain. A claim on a sworn account when properly styled and verified, constitutes prima facie evidence of the validity of the claim unless the opposing party files a written denial under oath stating that some or all of the account items are not just and true. Tex. R.Civ.P. 185, 93(k). Strict adherence to the requirements of these rules is required.... A defendant's failure to file his answer in the language of Rule 185 can be fatal.... Such a failure amounts to an admission that the account is correct and therefore no issue of fact as to the validity of the claim is presented.... The absence of any issue of fact related to the validity of the claim which stems from the deficiency in the appellant's pleadings, forms the basis for an award of summary judgment on the pleadings....

■ Appellant in its second point of error contends the trial court erred in granting summary judgment because Travelers properly filed and presented the affirmative defense of confession and avoidance, thereby raising an issue of fact. We agree. The court in *Brown* directly addresses this issue:

Such defenses of confession and avoidance are available in a suit on a verified account even in the absence of a sworn denial. *Television Broadcasters, Inc. v. Motion Pictures for Television, Inc.*, 368 S.W.2d 851 (Tex.Civ.App.—Beaumont 1963, no writ); *Rose v. Shearrer*, 431 S.W.2d 939 (Tex.Civ.App.—San Antonio 1968, no writ).

557 S.W.2d at 560. The court further pointed out:

Under the peculiar rules governing causes of action on sworn account, the burden of going forward with evidence on affirmative defenses falls upon the one asserting such defenses, particularly in summary judgment proceedings. *Nichols v. Smith*, 507 S.W.2d 518 (Tex.1974). The failure of Appellant to come forward with summary judgment proof supporting his affirmative defense was a fatal error. *Id.* Appellant, in the present case, presented his affirmative defense not only by its verified first amended original answer but also in its motion in opposition to summary judgment which was supported by the attached affidavit of Barton (Appellant's vice president) swearing to the facts giving rise to the affirmative defense. Therefore, Appellant did properly raise an issue of fact as to the validity of Appellee's sworn account claim. *Id.*

Having considered all points of error we conclude the trial court erred in granting the summary judgment because there existed as a matter of law a genuine issue of fact as to one or more of the essential elements of the Appellee's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Brown v. Clark*, 557 S.W.2d 558.

Reversed and Remanded.