**RESOLUTION TRUST CORPORATION, Plaintiff,**

v.

**Damon G. TASSOS, Defendant.**

**Civ. A. No. L–90–121.**

United States District Court, S.D. Texas, Laredo Division.

Dec. 5, 1990.

---

Gustavo T. Quintanilla, Hall, Quintanilla, Palacios & Alarcon, Laredo, Tex., for plaintiff.

Jaay D. Neal, Smith, Neal and Karam, San Antonio, Tex., for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is the question of the proper amount of attorney fees to be awarded Plaintiff Resolution Trust Corporation (RTC). In response to this Court's Order of October 16, 1990, Plaintiff and Defendant Damon G. Tassos have filed their briefs on this issue.

This suit arose out of a dispute over collection of a promissory note which provided that if collection became necessary "then Maker shall pay Payee ... reasonable attorney's fees.... Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise."

■ *Summary Judgment and Attorney Fees.* Tassos has questioned the appropriateness of summary judgment as a vehicle to determine "reasonable" attorney fees under Texas law. Citing *Brown v. Clark,* 557 S.W.2d 558, 561 (Tex.Civ.App.—Texarkana, 1977), Tassos contends that his attorney's affidavit challenging the reasonableness of RTC's fee request creates a fact issue triable by jury. Whatever might be the merit of Tassos' argument in state court, the rule in federal court is different. A federal district court may fix attorneys' fees on the basis of affidavits and may even do so on its own experience without any testimony. *Bagby Land and Cattle Co. v. California Livestock Comm'n,* 439 F.2d 315, 318 (5th Cir.1971); *Mesa Petroleum Co. v. Coniglio,* 629 F.2d 1022, 1030 (5th Cir.1980). *See also, Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 785 (5th Cir.1989) (trial court can fix attorneys' fees, and amount and reasonableness of fees is not a material fact for trial).

■ *Assessment of Attorney's Fee.* Attorney fees, to be recoverable, "must be reasonable under the particular circumstances of the case and must have some reasonable relationship to the amount in

controversy or to the complexity of the issue to be determined." *Jerry Parks Equip. Co. v. Southeast Equip. Co., Inc.,* 817 F.2d 340, 344 (5th Cir.1987) (quoting *Giles v. Cardenas,* 697 S.W.2d 422, 429 (Tex.Ct.App.—1985)).

■ RTC pleadings noted the 10% stipulated attorney fee of the note and sought $10,000 in fees. Defendant Tassos challenged this amount as unreasonable. RTC responded with a supplemental report detailing its fee request. Tassos further challenged the specificity and reasonableness of this more detailed report. The Court will review the reasonableness of the time claimed, rate charged, and amount claimed in relation to the complexity of the litigation.

Time Claimed.

A) Petition. Four hours to prepare a three-page petition for collection on a note is excessive.

The Court will allow: 2 hours.

B) Special Exceptions. Defendant asserts that RTC seeks 2.9 hours on special exceptions that were never filed. The Court finds only 2.1 hours actually evident in the report by RTC, and of that 2.1, a significant amount of the time is alloyed with other matters.

The Court will allow: 1.5 hours.

C) RTC claims 0.6 hours for receipt and review of an "amended answer". There being no amended answer in the file, this claim is struck.

D) Interrogatories/Admissions. RTC claims 5.2 hours for such preparation. This is excessive for collection on a note.

The Court will allow: 2.5 hours.

E) Vague claims. RTC lists 6.5 hours for such ambiguous activity as "litigation work" and "memorandum of law". Though the Court does not doubt that these listings represent the performance of some work relevant to this litigation, such inexact documentation of time spent is unacceptable.

The Court will allow: 2.0 hours.

F) Motion for Summary Judgment/Amended Motion. RTC claims 37.7 hours [35.5 by Mr. Quintanilla; 2.2 by Ms. Ramon] for these two motions in collecting on a note. This is excessive. Defendant suggests 10–12 hours as appropriate.

The Court will allow: 12 hours.

G) Legal Research. Tassos contests as unreasonable 19.3 hours that RTC lists for legal research. As 3.8 of those hours were already discounted under paragraph (E), the claim will be allowed for 15.5 hours.

H) Inconsistency. Though not raised by Tassos, the Court was disturbed by inconsistencies in the time records submitted. Mr. Quintanilla claims 0.7 hours for a conference with Ms. Ramon on January 10, 1990. In contrast, Ramon lists 2.2 hours for a conference with Quintanilla on January 16, 1990. Obviously, these two had a meeting; when and for how long is in doubt. For Ramon's claim, the Court will allow 0.5 hours. For Quintanilla's claim, the Court will allow 0.5 hours.

In summary, Quintanilla claims 105.6 hours spent on this litigation. The Court will allow 69.3 hours. Ramon claims 6.7 hours. The Court will allow 5.0 hours.

■ Rate Charged. RTC claims a rate $70.00 per hour for the services of Ramon, listed as a law clerk. Without more information as to Ms. Ramon's qualifications, experience, or other factors justifying this rate, the Court will not allow such a high rate to be charged, particularly given prevailing rates in this region. The Court will allow $50.00 per hour.

Complexity. This was a litigation to collect on a note, a relatively simple matter. The Court recognizes that some additional time was required to rebut the variety of defenses raised by Defendant. The Court is satisfied that the adjustments made here yield a fee which is fair to both sides.

Fee Allowed. Based on this analysis, the Court calculates the following amounts to be the allowed fees for each counsel:

Mr. Quintanilla – $6,930.00 [69.3 × $100.00]
Ms. Ramon – 250.00 [5.0 × $50.00]

This Court finds $7,180 to be a reasonable attorney fee for Plaintiff in this litigation.

The Plaintiff shall promptly draft and submit to Defendant for approval a proposed final judgment, conforming to this memorandum and that of October 16, 1990. The judgment shall be submitted in two weeks.