

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00124-CV

JOSHUA DIVIN, Appellant

V.

TRES LAGOS PROPERTY OWNERS' ASSOCIATION, Appellee

On Appeal from the 62nd District Court
Franklin County, Texas
Trial Court No. 11,300

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

After having received a statement for membership dues and fees allegedly owed on real property located within the Tres Lagos Subdivision in Franklin County, Joshua Divin filed suit against the Tres Lagos Property Owners' Association (Association) seeking to quiet title to that property.[1] In response to Divin's suit to quiet title, the Association filed a counterclaim seeking recovery of the allegedly unpaid Association membership dues and fees.[2] The trial court granted the Association's motion for summary judgment on its counterclaim[3] and denied Divin's motion for declaratory judgment.[4]

---

[1] Divin is the co-owner, together with his brothers Michael and Tony Divin, of Lot 92 E ½ Unit 1 of the Tres Lagos Subdivision. The Association's invoice (attached to Divin's petition) reflects outstanding maintenance dues and late fees from 2007 through January 2011 in the amount of $640.00.

[2] The Association's original countersuit was characterized as a "suit to collect a debt." The Association thereafter filed its verified first amended original counterclaim as a suit on a sworn account, supported by the affidavit of Barbara Lester, the Association treasurer, together with the Association's invoice for unpaid dues and fees. The amended counterclaim sought the recovery of dues and fees which had accrued since the filing of the original countersuit, in addition to the amount claimed in its original countersuit, in the total sum of $860.00 plus attorney fees.

[3] Divin thereafter filed a motion for declaratory judgment, alleging that the Association does not have a valid board of directors and therefore has no authority to bring or defend suit. The motion asked the trial court to find that the Association is without authority to bring or defend suit.

When Divin did not file a verified answer to the suit on sworn account, the Association filed a traditional motion for partial summary judgment on its counterclaim. In response to the summary judgment motion, Divin claimed that yet a different lawsuit, filed in the 62nd Judicial District Court of Franklin County, alleged the Association elected a new board of directors following the formation of an election committee. Divin alleged that because the Association elected a new board of directors, a fact question exists regarding which board was, indeed, the valid board of directors. Divin also alleged that, because Lester (the Association treasurer) testified—in a different lawsuit—that some records were stolen from the Association's office, a fact question exists regarding the existence of records to support the counterclaim for dues and fees. Divin further alleged that Lester's affidavit in support of the counterclaim was perjured, evidently because Divin believed that no records exist to support the sworn account. Finally, Divin claimed the statute of limitations barred the Association's suit to recover past dues and fees. The response was not supported by evidence of its claims. Divin later filed an amended response to the Association's motion for summary judgment, including a new allegation of perjury against Lester, in addition to the same allegations in the initial response. The amended response was verified by Divin and Gene Stump (Divin's attorney). In response, the Association filed a pleading objecting to the affidavits Divin and Stump "submitted as summary judgment evidence for Divin." The record on appeal does not include the referenced affidavits.

2

We affirm the trial court's judgment because (1) the briefing and appellate record do not support Divin's claim challenging the Association's board of directors, (2) allegedly perjured testimony does not support reversal, and (3) Divin's affirmative defense of limitations was unproven.

*(1)*     *The Briefing and Appellate Record Do Not Support Divin's Claim Challenging the Association's Board of Directors*

Divin seeks reversal of the trial court's judgment based on the contention that the Association board of directors was not validly elected and was therefore without "authority to bring or defend suit or to transact business, including legal matters, on behalf of its members." Divin claims the Association board is invalid because (a) the election naming the directors was invalid, and (b) a subsequent ruling in a different lawsuit holds that the Association's board was not validly elected.

In support of his claim that the election naming the directors was invalid, Divin claims,

> Appellant plead[s] that the Board of Directors of TLPOA was not a validly elected board of directors in Plaintiff's Motion for Declaratory Judgment, Plaintiff/Counterdefendant's Motion to Abate, Plaintiff/Counterdefendant's Response to Defendant/Counterplaintiffs' Traditional Motion for Summary Judgment on Sworn Account Against Counterdefendant, Joshua Divin, Plaintiff/Counterdefendant's First Amended Response to Defendant/Counterplaintiffs' traditional Motion for Summary Judgment on Sworn Account Against Counterdefendant, Joshua Divin and Motion for New Trial. Though this issue of material fact was raised the trial court granted Summary Judgment and denied Appellant's Motion for Declaratory judgment.

---

[4]The order denying Divin's motion for declaratory judgment incorporated the summary judgment order.

3

This is the extent of Divin's first argument regarding the alleged invalidity of the board election. This brief paragraph fails to cite any standards or any authority for the proposition urged and fails to apply the law to the facts presented. An appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(h); *Decker v. Dunbar*, 200 S.W.3d 807 (Tex. App.—Texarkana, 2006, pet. denied). "[A]n appellant must provide such a discussion of the facts and the authorities relied on as may be requisite to maintain the point at issue." *Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.). This requirement is not fulfilled "by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied). An argument may be waived if inadequately briefed. *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *Hooper v. Smallwood*, 270 S.W.3d 234, 239 (Tex. App.—Texarkana 2008, pet. denied).

We also observe that, because the record on appeal does not include any evidence on this issue, this point of error presents nothing for our review.[5]

---

[5]In its reply to plaintiff's motion for declaratory judgment, the Association recognized that Divin's attorney is also counsel of record for Carl and Vicki Storck, plaintiffs in trial court cause number 10,964, pending in the 62nd Judicial District Court of Franklin County, and requested the trial court to take judicial notice of "pleadings and claims for relief filed by Mr. Stump on behalf of the Storcks in their suit and that such claims include the same claims raised by this plaintiff in his motion for declaratory judgment." The trial court's summary judgment indicates that it took judicial notice of all matters requested. The matters of which the trial court took judicial notice were not made a part of the record in this case.

Admittedly, we are ruling on another case involving the Association and coming to a different result on what was proven with regard to the validity of the board of directors. To the uninformed, it would seem improper to see two opinions from the same appellate court, issued at approximately the same time, differ in result on any similar issue. A basic premise of appellate jurisprudence, however, is that the review of any case on appeal is limited to the record that was before the trial court in that particular case, not another case. *See, e.g.*, *Perry v. Del Rio*, 66 S.W.3d 239, 259 (Tex. 2001); *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 52 n.7 (Tex.

Divin further attacks the validity of the Association board of directors, because, in a subsequent lawsuit, a trial court purportedly determined that the board of directors was not valid. In support of this argument, Divin attached a copy of an order granting plaintiff's motion for partial summary judgment in part, in the case of *Ronnie Barton, et al. v. Tres Lagos Property Owners' Association, et al.*, cause number 11,223 in the 62nd Judicial District Court of Franklin County, Texas, as an appendix to his brief. The partial summary judgment order in the foregoing case purports to declare three persons as the valid Association board.

We cannot consider the interlocutory partial summary judgment order appended to Divin's brief. Divin has not supplemented the clerk's record in this case to include the referenced order, and it is not otherwise a part of the record in this case. *See* TEX. R. APP. P. 34.5. The informal insertion of a trial court ruling in a different case (in which Divin is not a party) without proper supplementation of the record is improper.[6]

*(2)      Allegedly Perjured Testimony Does Not Support Reversal*

Divin next contends the trial court's judgment should be reversed based on the conflicting and allegedly perjured testimony of Association treasurer, Barbara Lester. This

---

1998); *Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979). We are obliged to base our decisions on the record as provided in each case, not on a record that should or could have been made. *Mari. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). Thus, we are not allowed to go outside the record before us in this case. Because this case and the other Association case involve different appellate records, somewhat disparate results have occurred.

[6]Even if Divin requested leave to supplement the record with the interlocutory order on which he seeks to rely, we are aware of no authority which would permit such a supplementation, as this order was never part of the trial court record. It was issued in a different lawsuit, filed by different plaintiffs, against the Association, among others. "Leave to supplement merely encompasses permission to augment the appellate record with the existing trial court record; it does not allow the creation of a new trial court record." *Disco Mach. of Liberal Co. v. Payton*, 900 S.W.2d 71, 74–75 (Tex. App.—Amarillo 1995, writ denied).

5

contention is based on Lester's alleged testimony in a different lawsuit,[7] to the effect that a box of Association records was stolen, versus allegedly conflicting testimony that only some copies of previous meeting minutes were allegedly stolen.[8]

The referenced testimony is not a part of the appellate record in this case. This point of error therefore presents nothing for our review.

*(3)* *Divin's Affirmative Defense of Limitations Was Unproven*

The Association filed its sworn amended counterclaim with attached invoice for unpaid dues and fees, supported by the affidavit of Lester, the Association treasurer. Divin replied with an unsworn answer raising the affirmative defense of the statute of limitations. In light of the unsworn answer, the Association filed a motion for partial summary judgment on its counterclaim. In response, Divin alleged that the Association's claims are barred, in full or in part, by the statute of limitations.

On appeal, Divin contends the trial court erred in failing to find that the four-year statute of limitations for filing a claim regarding deed restrictions has run on some or all of the past-due dues and fees alleged in the Association's counterclaim. In support of this contention, Divin cites *Malmgren v. Iverness Forest Residents Civic Club, Inc.*, 981 S.W.2d 875, 877 (Tex. App.— Houston [1st Dist.] 2010, no pet.) (four-year limitation period applies to deed restrictions).

---

[7]Divin claims that Lester testified in trial court cause number 10,964, styled *Carl Storck and Vicki Storck v. Tres Lagos Property Owners' Association, Inc.*, that a box of Association records was stolen. Divin does not state whether the allegedly conflicting testimony was given in the *Storck* matter or in yet a different lawsuit. It is undisputed that no such testimony was given in this case.

[8]Although Divin attached a portion of the trial court record from the *Storck* case to his brief on appeal, he does not state that this appendix was intended to support his second point of error. In any event, we cannot consider the appended record for any purpose, as it is not a part of the appellate record in this case.

6

While *Malmgren* applies to deed restrictions, a four-year statute of limitations period also applies to actions to collect a debt. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (West 2002).

Although Divin alleged the affirmative defense of limitations in his answer to the Association counterclaim, the Association maintains that, because Divin's answer was not verified in accordance with Rule 185 of the Texas Rules of Civil Procedure, Divin waived his right to dispute the amount of the debt. *See* TEX. R. CIV. P. 185.

A claim on a sworn account, when properly styled and verified, constitutes prima facie evidence of the validity of the claim unless the opposing party files a written denial under oath, stating that some or all of the account items are not just and true. TEX. R. CIV. P. 185. A failure to file an answer in the language of Rule 185 amounts to an admission that the account is correct and, therefore, no issue of fact as to the validity of the claim is presented. *Solano v. Syndicated Office Sys.*, 225 S.W.3d 64, 67 (Tex. App.—El Paso 2005, no pet.); *Brown v. Clark*, 557 S.W.2d 558, 560 (Tex. Civ. App.—Texarkana 1977, no writ).

We agree that, based on his lack of a verified denial, Divin was precluded from disputing the amount of the debt. But Divin never attempted to dispute the amount of the debt. Instead, he alleged an affirmative defense, in the nature of confession and avoidance. *See* TEX. R. CIV. P. 94. The question, then, is whether Divin's answer to the Association's suit on sworn account was required to be verified in order to raise the affirmative defense of limitations. We directly addressed this question in *Brown*, holding that confession and avoidance defenses are available in a suit on a sworn account even in the absence of a sworn denial. *Brown*, 557 S.W.2d at 560;

7

*Travelers Const., Inc. v. Warren Bros. Co*., 613 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1981, no writ).

The Association contends that, even if Divin's affirmative defense was properly raised, Divin failed to offer proof in support of this defense. *See Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 481 (Tex. 2001). As stated in *Brown*, "when a movant produces summary judgment evidence establishing his rights to a judgment, such right will not be denied merely because of the pleading of matters, which, if proved, would require the rendition of a different judgment." *Brown*, 557 S.W.2d at 560. Further,

> [u]nder the peculiar rules governing causes of action on sworn account, the burden of going forward with evidence on affirmative defenses falls on the one asserting such defenses, particularly in summary judgment proceedings. *Nichols v. Smith*, 507 S.W.2d 518 (Tex. 1974). The failure of Appellant to come forward with summary judgment proof supporting his affirmative defense was a fatal error.

*Id.* Stated differently, in order to defeat a summary judgment motion by raising an affirmative defense, the nonmovant must do more than just plead the affirmative defense. *Lujan v. Navistar Fin. Corp*., No. 01-12-00740-CV, 2014 WL 1328191, at *4 (Tex. App.—Houston [1st Dist.] Apr. 3, 2014, no pet.). Instead, the nonmovant must offer evidence sufficient to raise a genuine issue of material fact on each element of his or her affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Lujan*, 2014 WL 1328191, at *4.

Here, Divin's summary judgment response was unsupported by any evidence supporting the affirmative defense of limitations. The Association contends further that its own summary judgment evidence was insufficient to establish this affirmative defense. We agree. The affidavit in support of the Association's motion for summary judgment states that "Joshua Divin owes

8

unpaid dues and assessments in the sum of $860.00, all of which remained unpaid on January 31, 2013." The attached billing statement indicates a 2010 balance of $480.00, with additional amounts due for 2011–2013.[9] Typically, one has four years after the day the cause of action accrues to bring suit on a debt. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3). It follows that, to establish the defense of limitations, Divin was required to prove when the cause of action accrued. *See Rose v. Baker & Botts*, 816 S.W.2d 805, 809–10 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Further complicating this determination is the issue of whether the obligation is payable in installments. In that case, it has been held that limitations run against each installment as it accrues. *Hoarel Sign Co. v. Dominion Equity Corp.*, 910 S.W.2d 140, 144 (Tex. App.—Amarillo 1995, writ denied). The summary judgment evidence submitted by the Association does not establish the accrual date(s) of its cause of action for unpaid dues and fees. Divin submitted no evidence on this issue, and thus failed to meet his burden of proof by establishing the date or dates the Association's cause of action accrued. Accordingly, no fact issue was raised regarding the validity of Divin's affirmative defense. We overrule this point of error.

---

[9]A copy of a purported Association invoice for dues and fees was appended to Divin's original petition and to the Association's original counterclaim. It was not, however, authenticated or submitted to the trial court as summary judgment evidence by either party.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 12, 2014
Date Decided:       August 7, 2014