**Joe SILVA, d/b/a Joe's Paving,
Appellant,**

v.

**Phil WILSON, d/b/a Sealtite Asphalt
Maintenance Company, Appellee.**

No. 13328.

Court of Civil Appeals of Texas,
Austin.

May 20, 1981.

Elvis G. Schulze, Austin, for appellant. No brief for appellee.

POWERS, Justice.

Appellant, Joe Silva, seeks review by petition for writ of error directed at a summary judgment rendered against him in a suit by appellee, Phil Wilson, bringing actions for breach of contract and for violation of the Deceptive Trade Practices Act (DTPA). Appellant appeared and answered the actions with a general denial.

■ Appellee then filed a motion for summary judgment premised upon the general allegation that there existed no genuine issue as to any material fact and that he was entitled to judgment as a matter of law, based upon the pleadings and his affidavit which accompanied the motion for summary judgment. The failure of appellee to state specific grounds for such judgment was not challenge by appellant. The defect was therefore waived. See *Carter v. Gerald*, 577 S.W.2d 797 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

Appellant did not respond to the motion for summary judgment and did not appear at the hearing of the motion. The trial court rendered judgment in accordance with the motion, trebling appellee's "actual damages" of $5,640 and entering judgment for $16,920 together with costs of court.

With regard to the action for breach of contract, appellee's affidavit merely repeats in substance the allegations in his petition. Appellee alleges the parties made a contract obligating appellant to do "certain construc-

tion work" related to a tennis court; that the contract price was $7,000, $4,500 of which had been paid to appellant; that appellant never completed the work required by the contract and that any work done was "substandard, defective, and substantially below specifications"; that appellant never remedied these defects though appellee requested him to do so; and that appellee suffered damages in the amount of $5,640 "for lab tests and remedial actions for repairs and rebuilding the tennis court." If the contract was written, no sworn copy was before the court.

There were no statements in appellee's affidavit concerning the action for violation of the DTPA. The only matter before the court relative to violations of the DTPA was appellee's petition which averred generally that appellant's conduct violated "the Deceptive Trade Practices-Consumer Protection Act, Texas Business and Commerce Code, Section 17.41, *et seq.*, specifically including, but not limited to, Sections 17.-46(b)(5), (7) and Section 17.50(a)(2)." Neither the motion for summary judgment nor the accompanying affidavit sets forth the particular elements of an action under these statutory provisions.

■ Summary judgments in cases such as this are to be granted only if the record establishes a right thereto as a matter of law and that there is no genuine issue as to any material fact. *Gonzales County Savings & Loan Ass'n v. Freeman*, 534 S.W.2d 903 (Tex.1976). Tex.R.Civ.P. 166–A. It is well established that pleadings, even though sworn, do not constitute summary judgment "evidence." *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979); *Hidalgo v. Surety Savings & Loan Ass'n*, 462 S.W.2d 540 (Tex.1971). The movant must establish his right to summary judgment by conclusively proving all essential elements of his cause of action as a matter of law. The non-movant's failure to respond to the motion cannot supply, by default, the "proof" necessary to establish the movant's right to the summary judgment. *City of Houston v. Clear Creek Basin Authority, supra.*

Appellee's affidavit does not indicate any of the following: whether the contract was written or oral; the relevant "specifications" in the contract or how appellant failed to comply with them; the elements of damages; and the pertinent measure of damages used to arrive at the $5,640 figure claimed by appellee, or the reasonable costs incurred by appellee in his own effort to complete the work contracted for by appellant. All of these matters are raised by appellee's petition. With respect to the statutory action under DTPA, the affidavit does not set forth any facts from which one may draw the conclusion that appellee was a "consumer" entitled to bring such an action, nor that appellant committed any act in violation of DTPA.

The pleadings, the affidavit, and the other matters permitted to be considered by the court under Tex.R.Civ.P. 166–A(c) do not show that appellee was entitled to judgment as a matter of law. The trial court, therefore, erred in granting appellee's motion for summary judgment.

We reverse the judgment of the trial court and remand the cause.