Hans SMITH, et al., Appellants,

v.

John H. MATTHEWS, Appellee.

No. 2–83–015–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 1, 1983.

**152**

Wilbur T. Knape, Hurst, for appellants.

Brown, Herman, Scott, Dean & Miles and J. Shelby Sharpe, Fort Worth, for appellee.

Before FENDER, C.J., and JORDAN and BURDOCK, JJ.

## OPINION

FENDER, Chief Justice.

This action is a land boundary dispute involving two small parcels of rural land in northeast Tarrant County. The appellee, John H. Matthews, purchased a tract of land in 1977 from John and Bill Carl Gregson and ordered it surveyed. This tract, which consists of approximately 54.5 acres, lies directly west of property owned by the appellants. Shortly after the purchase, Matthews removed a dilapidated fence which stretched diagonally across what the survey showed to be the southeast corner of his property. Several of the appellants immediately reconstructed the fence and placed a "No Trespassing" sign behind it. A few months later Matthews removed the reconstructed fence. He additionally removed approximately one hundred feet of a fence running directly north from the northeast end of the diagonal fence, and between his and the appellants' property. Matthews then built new fences along his southern and eastern borders which extended to the southeast corner of his property as determined by the survey.

The appellants filed suit against Matthews, claiming that they owned the triangle of property created by the crossing of the diagonal fence across what Matthews claimed to be the southeast corner of his property. They claimed that they had peaceably and adversely possessed the property for more than ten years, and had thus acquired original title to it pursuant to the ten year statute of limitations. TEX.REV. CIV.STAT.ANN. art. 5510 (Vernon 1958).

The appellant also sought to dispossess Matthews from a strip of land approximately eight feet wide which runs parallel to and along the western side of the north-south fence separating Matthews' property from the appellants' property. They claimed to own this strip by superior record of title. Further, the appellants claimed that Matthews' conduct constituted a criminal trespass in violation of TEX.PENAL CODE ANN. § 30.05 (Vernon Supp.1982–1983). As a defense, Matthews asserted that he owned all of the property in question, either by deed or by adverse possession under the five, ten or twenty-five year statutes of limitation. TEX.REV.CIV.STAT.ANN. arts. 5509, 5510 (Vernon 1958), art. 5519 (Vernon Supp.1982–1983). Further, Matthews claimed that pursuant to article 5523b of the Revised Statutes, he was entitled to attorney's fees should he prevail at trial. TEX.REV.CIV.STAT.ANN. art. 5523b (Vernon Supp.1982–1983).

The cause was tried to the court sitting without a jury, and the first trial ended in a mistrial. After the second trial the court entered judgment in favor of Matthews. The court found that Matthews and his grantors, the Gregsons, had held exclusive, peaceable and adverse possession of the eight-foot strip under the five, ten and twenty-five year statutes of limitation. Therefore, the court held that Matthews had established title to the strip. With regard to the triangle in question, the court determined that the appellants had failed to establish title by adverse possession. Further, the court ordered the appellants to pay to Matthews reasonable attorney's fees in the amount of $13,125, an additional $2,500 in the event of an unsuccessful appeal to this court, and a further $1,500 should the appellants unsuccessfully appeal to the Texas Supreme Court. The appellants have now appealed this judgment. We affirm in part and reverse in part.

The appellants' brief is lacking in the clarity generally expected of briefs filed in this court. As nearly as we can determine from the brief, the appellants argue in their first, second, fourth, fifth and amended third points of error that there is no evidence in the record to support the trial court's holding that Matthews established title to the eight-foot strip under the five, ten or twenty-five year statutes of limitation. The appellants further assert that there is no evidence supporting the court's conclusion that they had not acquired title to the triangle by adverse possession. We disagree with both contentions.

We note that the trial court filed no findings of fact or conclusions of law, as none were requested by either party. When an action is tried to the court and no findings of fact or conclusions of law are filed or requested, the judgment implies all necessary fact findings in support of it. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950). The judgment must be affirmed if it can be upheld on any legal theory which finds support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex. 1968). In determining whether there is any evidence to support the judgment and the implied findings of fact, an appellate court may consider only evidence which is favorable to the judgment, and must disregard evidence which is contradictory in nature. *Renfro Drug, supra,* 235 S.W.2d at 613.

We first consider appellants' contention that there is no evidence which supports the conclusion that Matthews and his grantors, the Gregsons, established title to the eight-foot wide strip under the five, ten or twenty-five year statutes of limitation. In order to acquire a marketable title to property under the twenty-five year statute, a person must have peaceable and adverse possession of property for the statutory period in good faith, under claim of right, and under a recorded deed or instrument which purports to convey the property. In general, peaceable possession is possession that is continuous and not interrupted by adverse suit to recover the property, and adverse possession means an actual and visible appropriation of the land commenced and continued under a claim or right inconsistent with and hostile to the claim of another. TEX.REV.CIV.STAT.ANN. arts. 5514, 5515 (Vernon 1958).

In the instant case the record reflects that the north-south fence located on the east side of the eight-foot strip was already in place in 1942 when the Gregsons moved on to the 54.5 acre tract. The record further shows that the Gregsons obtained and recorded a deed to the property in 1944, and that under the deed they claimed all of the property west of the fence. According to the testimony of Bill Gregson, from 1944 until 1971 the Gregsons cut weeds along the strip, and allowed cattle to graze on it. Gregson also testified that when the Gregsons conveyed the property to Matthews in 1977, they intended to convey all of the property west of the fence. Further, the appellants admitted that until the time of the suit, they had made no claim to property west of the fence.

■ We hold that the evidence supports the conclusion that Matthews and his grantors acquired title to the strip under the twenty-five year statute. The record shows that the Gregsons had continuous, actual, and visible possession of the strip for more than twenty-five years. It further shows that they possessed the strip under claim of right, in good faith, and under a recorded deed, and that the claim was unopposed by the appellants. Therefore, we uphold the judgment of the trial court that Gregson acquired title under the twenty-five year statute, and that Matthews received such title from Gregson.

■ We also find evidence in the record which supports the conclusion that the Gregsons, and therefore Matthews, acquired title to the strip under the ten year statute of limitations. In addition to a showing of peaceable and adverse possession the ten year statute requires that the possessor use, cultivate, or enjoy the property in some manner. The evidence that the Gregsons grazed cattle on the strip for more than ten years shows use of the property and thus satisfies the requirement. We hold, therefore that the record supports the trial court's conclusion that Gregson established title under the ten year statute and conveyed that title to Matthews.

■ Under the five year statute, a person acquires title if he meets all of the requirements of the ten and twenty-five year statutes and additionally pays taxes on the property. The parties stipulated in the instant case that the taxes on the 54.5 acre tract had been paid by the Gregsons during the time they owned the property, and thereafter by Matthews. Although the record does not indicate the exact boundary line between the properties with sufficient clarity to determine the precise area on which the Gregsons and Matthews paid taxes, both the Gregsons and Matthews considered the strip to be a part of their tract. Further, they both maintained possession of the strip and until the lawsuit the appellants considered it as belonging to the Gregson/Matthews tract.

■ In general, when a grantee in a recorded deed pays taxes on the number of acres called for in his deed and actually believes he is paying on all of the land in his possession, he will not be deprived of the benefit of the five year statute merely because his tract is determined to be somewhat larger than he believed it to be. *Wixom v. Bowers*, 152 S.W.2d 896 (Tex.Civ.App.—Galveston, 1941, writ ref'd w.o.m.). Since the Gregsons claimed the strip under a deed and were in possession of the property, we hold that payment of taxes by them for more than five years on the 54.5 acre tract was sufficient to establish title to the strip under the five year statute. We thus uphold the trial court's judgment that Matthews, through Gregson, obtained such title under the five year statute.

■ We next consider the appellants' contention that there is no evidence to support the trial court's conclusion that they have not established title to the triangle by adverse possession under the ten year statute of limitations. The ten year statute specifically requires cultivation, use, or enjoyment of adversely possessed property, and the appellants claim to have met these requirements by constructing and maintaining a cattle chute and gates on the triangle from 1933 to 1944. They further argue that the existence of the diagonal fence

removed by Matthews shows their intent to adversely possess the property.

We find evidence in the record to the contrary, however. Bill Gregson testified that when he moved on to the property in 1942, there was no evidence of the existence of any chute or gates. He also testified that he and his father built and maintained the diagonal fence across the southeast corner of their property. We hold that this evidence supports the trial court's finding that the appellants did not acquire title to the triangle by adverse possession. Appellants' first, second, fourth, fifth and amended third points of error are overruled.

■ The appellants contend in their eighth and ninth points of error that the trial court erred in declaring the first trial to be a mistrial, and in suppressing certain testimony in the second trial. Further, they argue in a part of their third amended point of error that the court erred in failing to find that Matthews acted in violation of section 30.05 of the Texas Penal Code by removing the fences. We note, however, that appellants have not made any argument or cited any authority in their brief in support of these points. A point of error that is not briefed fails to meet the minimum requirements of TEX.R.CIV.P. 418 and is considered waived. *In The Interest of T.L.H.*, 630 S.W.2d 441 (Tex.App.—Corpus Christi 1982, no writ). We will therefore not consider these points of error.

The appellants argue in their sixth point of error that the trial court erred in granting a judgment for attorney's fees. Matthews bases his recovery of attorney's fees on article 5523b of the Texas Revised Civil Statutes, which provides for the awarding of attorney's fees in land possession suits. The appellants contend that Matthews is not entitled to attorney's fees under article 5523b, because he failed to comply with the notice requirements set forth in the statute. Further, they claim in their seventh point of error that the award of such fees was unfair and unreasonable. We need not address these contentions, however, because we hold that the trial court had no jurisdiction to award attorney's fees under article 5523b.

■ In general, attorney's fees are not recoverable unless provided for by statute or between the parties. *New Amsterdam Casualty Company v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). Further, statutory provisions for the recovery of attorney's fees must be strictly construed because they are penal in nature and are in derogation of the common law. *New Amsterdam, supra*, at 915. Article 5523b, the attorney's fee statute involved in the instant case, provides:

Section 1. Subject to the provisions of Section 2 of this Act, if, in an action for possession of land between a party claiming under the record title to the land and a party claiming by adverse possession, *the prevailing party recovers possession from a party unlawfully in actual possession, the court may award reasonable attorney's fees to the prevailing party,* in addition to his claim, if any, and costs of suit.

Sec. 2. (a) To recover attorney's fees as provided in Section 1 of this Act, the party seeking recovery of possession must give the party unlawfully in possession written notice and demand to vacate the premises, by registered or certified mail, at least 10 days prior to filing the claim for the recovery of possession.

(b) In the written notice and demand to vacate the premises, the party seeking recovery of possession shall give notice that in the event the party unlawfully in possession has not vacated the premises within 10 days and a claim is filed by the party seeking recovery of possession, judgment may be entered against the party unlawfully in possession for attorney's fees in an amount determined by the court to be reasonable, plus costs of suit. [Emphasis added]

Section one clearly limits the applicability of the statute to actions in which the prevailing party recovers property from a party unlawfully in possession. The statute thus makes no provision for recovery of attorney's fees when the prevailing party is the party in lawful possession at the time of

the suit. In the case at bar, Matthews was in lawful possession of the disputed property when the appellants filed suit, and he was the prevailing party. Therefore, the district court had no authority under the statute to order the appellants to pay Matthews' attorney's fees.

The judgment of the trial court awarding attorney's fees to the appellee Matthews is reversed and rendered, so that he takes nothing for attorney's fees. The remainder of the judgment is affirmed.