**WHITEXINTL CORPORATION,**
**Appellant,**

v.

**The JUSTIN COMPANIES, d/b/a Justin**
**Boot Company, Appellee.**

**No. 2–83–215–CV.**

Court of Appeals of Texas,
Fort Worth.

May 3, 1984.

Hernandez, Inc., Frank P. Hernandez, Dallas, for appellant.

Kelly, Appleman, Hart & Hallman, Daniel W. McDonald, Fort Worth, for appellee.

Before HUGHES, JORDON and JOE SPURLOCK, II, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

This is the second appeal from an order granting summary judgment to appellee, The Justin Companies, d/b/a Justin Boot Company, against appellant, Whitexintl Corporation. A prior summary judgment in favor of appellee, rendered on May 13, 1982, was reversed and remanded by this court after it was discovered there was no order setting aside an order of the trial court dated October 8, 1980 abating the suit. The suit had been abated because there was evidence that appellant's corporate charter was forfeited by the Secretary of State for failure to pay franchise tax. On remand, upon proof that appellant's franchise taxes had been paid, the trial court rendered its order setting aside its order granting the plea in abatement. Appellee thereafter filed its second motion for summary judgment together with supporting affidavits. A hearing on appellee's motion was set for September 23, 1983. Appellant filed its answer to the motion for summary judgment and supporting affidavit on September 19, 1983. The judgment was rendered against appellant on October 27, 1983.

The judgment is affirmed.

This lawsuit arose out of the termination of an employment contract. In September, 1977, appellant and appellee reached an agreement whereby appellant would act as a sales representative for appellee. The terms of this agreement were recorded in the form of a letter dated September 22, 1977 from appellee to Donald White of Whitexintl Corporation. The letter agreement set forth the territories and countries to which White was assigned and expressly stated that White's engagement as a sales representative was on a trial basis and could be terminated by either party if warranted. By letter dated May 1, 1978, from appellee, the letter agreement between appellant and appellee was terminated.

Upon termination of the letter agreement, White demanded $41,486.92 from appellee to cover expenses including hotel bills, airfare, rental car charges, and legal expenses incurred as a result of his performance as sales representative pursuant to the terms of the letter agreement. Appellee refused to pay White's expenses and this suit ensued.

On appeal, appellant assigns two points of error. In its first point, appellant contends the trial court erred in granting the motion for summary judgment because there are genuine, material disputed facts. Appellant contends in its second point of error that appellee's motion for summary judgment should have been denied because the motion involved the credibility of the affiants, or weight of showings, or a mere ground of inference.

Summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues set out in the motion. TEX. R.CIV.P. 166–A(c). Rule 166–A(c) also provides that:

> Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written re-

sponse. .... Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

In the instant case a hearing on the motion for summary judgment was set for September 23, 1983. Appellant's answer to appellee's motion was filed on September 19, 1983, just four days prior to the date set for the hearing. Appellant's motion for extension to file its response to the motion for summary judgment was not filed until September 23, 1983. There is no order in the record granting leave to file either appellant's answer or its motion for extension of time to answer, nor is there any entry in the trial court's docket sheet indicating such an order had been entered.

█ It is entirely within the discretion of the trial court to allow the late filing of opposing proof or to consider any late-filed answer at any time before the signing of the summary judgment. *Travelers Construction, Inc. v. Warren Brothers Company*, 613 S.W.2d 782, 785 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Where there is no affirmative indication of the acceptance of any late-filed answer appearing in the record, this court will not assume that the trial judge allowed the response to be filed late. *Lee v. McCormick*, 647 S.W.2d 735, 736 (Tex.App.—Beaumont 1983, no writ).

█ Where the nonmovant fails to timely file a written answer or response to the motion expressly presenting to the trial court other issues which would defeat the movant's right to a summary judgment, he may not later assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). We note, however, that the nonmoving party need not file any answer or response to the motion for summary judgment in order to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as *a matter of law* to support the summary judgment. *City of Houston v. Clear Creek Basin Authority, supra.*

█ Because no timely response was filed, we find appellant may not now raise fact issues to defeat the summary judgment. Appellant's only recourse on appeal is to attack the legal sufficiency of the grounds appellee raised in its motion for summary judgment. We must, therefore, determine whether appellee was entitled to summary judgment as a matter of law.

█ In its motion for summary judgment appellee alleged four grounds upon which the summary judgment could be sustained. This court must sustain the trial court's judgment if we find that any of these grounds are sufficient to sustain the summary judgment. The first ground upon which appellee relies as a basis for summary judgment is that the letter agreement was an indefinite term employment contract terminable at the will of either party. The general rule is that "contracts which contemplate continuing performance . . . and which are indefinite in duration can be terminated at the will of either party." *Clear Lake City Water Auth. v. Clear Lake Util.*, 549 S.W.2d 385, 390 (Tex.1977). There is a presumption that employment is terminable at the will of either party where no tenure of employment is set forth in the employment contract. *Horn v. Builders Supply Company of Longview*, 401 S.W.2d 143, 149 (Tex.Civ.App.—Tyler 1966, writ ref'd n.r.e.). Because the contract of employment was for an indefinite term and therefore terminable at will as a matter of law, summary judgment was proper. *Watson v. Zep Manufacturing Company*, 582 S.W.2d 178 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

The judgment is affirmed.