Martin C. HARVEY, Appellant,

v.

Kenneth Jack ALEXANDER and James Richard Alexander, Appellees.

No. 2–84–014–CV.

Court of Appeals of Texas,
Fort Worth.

June 7, 1984.

Charles M. Barnard, Wichita Falls, for appellant.

Fudge & Elder and W. Bernard Fudge, Burkburnett, for appellees.

Before FENDER, C.J., and ASHWORTH and BURDOCK, JJ.

## OPINION

ASHWORTH, Justice.

This is an appeal from an order granting summary judgment to appellees, Kenneth Jack Alexander and James Richard Alexander, against appellant, Martin C. Harvey. The lawsuit concerned lease rights to the mineral estate of approximately 60 acres of land situated in Wichita County. In granting the summary judgment, the trial court ruled that appellant's rights to the lease had expired and terminated in accordance with its own terms prior to the date appellant obtained his assignment. Appellees were also awarded attorney's fees.

Judgment affirmed in part and reversed in part.

The subject land was leased on August 15, 1952 by O.L. Clark and wife, Zula Lee Clark, as lessors, to Kenneth D. Simmons, as lessee, with a primary term of three years and so long thereafter as oil or gas was produced. On March 14, 1968, John H. Simek, who then owned all the rights under the original lease, assigned the lease to the subject property to Olin L. Bridges and Kenneth L. Wilkirson. Bridges and Wilkirson assigned the lease on the subject property to appellant on October 25, 1968.

Appellant was notified by letter in April, 1971, that the Clarks were terminating his lease. On September 14, 1981, Zula Lee Clark, Mary Frances Clark and Nancy Clark Lilley executed an oil and gas lease to appellees. Appellees filed suit against appellant on December 7, 1981 alleging that appellant's lease had terminated by its own terms since there had been no production on the property for almost two years prior to the time appellant obtained his assignment and for one year and seven months after he obtained it. Appellees also alleged that they had a superior title to the property in a trespass to try title action. Appellant filed his answer on January 4, 1982.

On August 2, 1983, appellees filed their motion for summary judgment. Appellant filed his response to appellees' motion on September 30, 1983 contending that appellees had not made any attempt to defeat any excuses for failure of production and that there was a question of fact whether appellees were in privity with the contract entered into by appellant and Clarks. On October 10, 1983, appellees gave appellant written notice and demand to vacate the premises in question within 10 days. Appellant was also informed that if he failed to vacate, suit may be filed and judgment entered against him for attorney's fees.

Appellees filed their amended motion for summary judgment on October 24, 1983 adding the Clarks as defendants in case they were necessary parties to the lawsuit, but making no claim against them. Appellant filed his first amended answer on December 13, 1983, apparently intending to respond to the motion for summary judgment and alleging for the first time the

defenses of laches, waiver, estoppel, statute of limitations and fraud. Hearing was had on appellee's motion for summary judgment on December 14, 1983. The trial court ordered that appellees recover title to and possession of the subject land from appellant and that appellees recover $2,000.00 from appellant for attorney's fees.

On appeal, appellant assigns two points of error. In his first point, appellant contends the trial court erred in granting the motion for summary judgment because there are genuine, material, disputed facts.

■ Summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues set out in the motion. TEX.R.CIV.P. 166–A(c). Rule 166–A(c) also provides that:

Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response .... Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.

In the instant case a hearing on the motion for summary judgment was set for December 14, 1983. Appellant's amended answer was filed on December 13, 1983, just one day prior to the date set for the hearing. Appellant filed no motion for extension of time to file a response to the motion for summary judgment. There is no order in the record granting appellant leave to file his answer, nor is there any entry in the trial court's docket sheet indicating such an order had been entered.

In addition, although there is no order in the record to the effect that the trial court struck appellant's affirmative defenses which he raised for the first time in his late-filed answer, the record does show that at the hearing on the motion for summary judgment the trial judge granted appellees motion to strike appellant's late-filed answer other than his not guilty plea.

■ It is entirely within the discretion of the trial court to allow the late filing of opposing proof or to consider any late-filed answer at any time before the signing of the summary judgment. *Travelers Const., Inc. v. Warren Bros.*, 613 S.W.2d 782, 785 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). Where there is no affirmative indication of the acceptance of any late-filed answer appearing in the record, this court will not assume that the trial judge allowed the response to be filed late. *Lee v. McCormick*, 647 S.W.2d 735, 736 (Tex. App.—Beaumont 1983, no writ).

■ Where the nonmovant fails to timely file a written answer or response to the motion expressly presenting to the trial court other issues which would defeat the movant's right to a summary judgment, he may not later assign them as error on appeal. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). We note, however, that the nonmoving party need not file any answer or response to the motion for summary judgment in order to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as *a matter of law* to support the summary judgment. *City of Houston v. Clear Creek Basin Authority, supra.*

■ A pleading presents contentions and does not present summary judgment evidence. Even assuming appellant's amended answer presents defensive summary judgment evidence, it was not timely filed, and we find appellant may not now raise the defensive issues set forth in his late-filed answer and in his brief to defeat the summary judgment. Appellant's only recourse on appeal is to attack the legal sufficiency of the grounds appellees raised in their motion for summary judgment. We must, therefore, determine whether appellees were entitled to summary judgment as a matter of law.

■ The oil and gas lease in question provided for a primary term of three years from August, 1952, and for the continua-

tion of the lease for "as long thereafter as oil or gas, or either of them is produced" on the land at issue. An oil and gas lease such as the one we have in this case creates a determinable fee in the land. *Gulf Oil Corporation v. Reid*, 161 Tex. 51, 337 S.W.2d 267, 269 (1960). The lease terminates automatically upon the cessation of production after the expiration of the primary term. *Freeman v. Magnolia Petroleum Co.*, 141 Tex. 274, 171 S.W.2d 339 (1943).

The record shows that there was no production on the subject lease in 1967, 1968, 1969 or the first five months of 1970. As a result, the trial judge correctly found that the lease expired by its own terms prior to the assignment of the lease to appellant on October 25, 1968. Appellant, therefore, has no interest in the lease. There is no genuine issues as to any material fact, and appellees were entitled to judgment as a matter of law. Point of error number one is overruled.

In his second point of error, appellant asserts the trial court erred in awarding attorney's fees. Appellees contend in their brief that they are entitled to attorney's fees pursuant to TEX.REV.CIV.STAT. ANN. art. 5523b, § 1 (Vernon Supp.1984) which provides for attorney's fees in land possession suits.

This court held in *Smith v. Matthews*, 662 S.W.2d 150 (Tex.App.—Fort Worth 1983, no writ) that art. 5523b is limited to actions in which the prevailing party recovers property from a party unlawfully in actual possession of the property in question. In addition, the statute requires that the suit be between a party claiming under record title to the land and a party claiming by adverse possession.

As a general rule, attorney's fees are not recoverable unless provided for by statute or by agreement between the parties. *New Amsterdam Casualty Co. v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). Statutory provisions for the recovery of attorney's fees must be strictly construed because they are penal in

nature and are in derogation of the common law. *New Amsterdam, supra.* In the case at bar, appellant was not claiming under adverse possession. In addition, appellant was not in actual possession of the property in question. The trial court, therefore, had no authority to order appellant to pay appellees' attorney's fees. Point of error number two is sustained.

Judgment affirmed except for the reversal of that portion which awards attorney's fees to appellees.