**Elizabeth G. SULLIVAN, Appellant,**

**v.**

**TARRANT COUNTY HOSPITAL DISTRICT and Rodgers Construction, Inc. of Nashville, Tennessee, Appellees.**

**No. 2–88–079–CV.**

Court of Appeals of Texas, Fort Worth.

Nov. 30, 1988.

Laura A. Lane, Green & Ryan, Dallas, for appellant.

Randall Moore, Asst. Dist. Atty., Ben H. Tompkins, Law Offices of Ben H. Tompkins, Fort Worth, for appellees.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Elizabeth G. Sullivan, brought suit against appellees, Tarrant County Hos-

pital District d/b/a John Peter Smith Hospital (Tarrant County), and Rodgers Construction, Inc. of Nashville, Tennessee (Rodgers), for personal injuries suffered while on the premises of John Peter Smith Hospital in Tarrant County, Texas. The trial judge granted defendant's motion for summary judgment on the grounds that appellant had failed to use due diligence in securing service of process on the defendants. Appellant filed a motion to vacate summary judgment and grant a new trial. The trial judge denied this motion. Appellant appeals both the granting of the summary judgment and the denial of her motion for new trial.

We reverse and remand for a new trial.

Appellant claims to have suffered injuries on the premises of John Peter Smith Hospital on July 1, 1985. She filed suit alleging negligence on the part of defendants on June 29, 1987. This was two days before the applicable statute of limitations would have barred such a claim. *See* TEX. CIV.PRAC. & REM.CODE ANN. sec. 16.-003 (Vernon 1986). On July 27, 1987, appellee Tarrant County was served with citation. On September 25, 1987, appellee Rodgers was served through its agent of record in Dallas County, Texas. In their answer of October 16, 1987, defendants cited the statute of limitations as an affirmative defense since they believed that the petition was not filed within the two-year window. In their motion for summary judgment dated November 20, 1987, defendants merely alleged that TEX.CIV. PRAC. & REM.CODE ANN. sec. 16.003 barred the claim since the plaintiff had not brought the cause of action within the two-year time frame. Appellant failed to respond to this motion and her counsel was absent due to illness at the summary judgment hearing. The trial judge granted defendants' motion based on the pleadings which revealed service of citation dates after the time limit had expired. Thirty days later appellant filed "Plaintiff's Motion to Vacate Summary Judgment and For New Trial." Appellant attached evidence which showed that she asked the clerk, at the time she filed the lawsuit, to issue citation against the defendants, and that she had paid for same. Additional evidence was attached in order to show the diligence of the appellant in serving Rodgers. The trial judge denied this motion.

Appellant asserts four points of error. Points one, two, and three allege error in the granting of summary judgment for both defendants on a lack of due diligence. Since these points are similar, we shall discuss them together. Point four states that the trial court abused its discretion in failing to grant the motion to vacate summary judgment and for new trial. Our ruling on the first three points eliminates the need to discuss point four. We construe appellant's first three points of error as attacking both the summary judgment motion itself, and the granting of the motion for summary judgment. Our discussion of the propriety of the appellee's motion will preclude the necessity of examining the summary judgment proof.

■ At the outset we need to deal with appellant's contention that appellee Tarrant County did not file a motion for summary judgment, and therefore, granting such a motion as to it was improper. The record reflects that the motion was filed on behalf of "Defendants, John Peter Smith Hospital and Rodgers Construction Company, Inc." We find that since John Peter Smith Hospital was named as a movant, summary judgment was properly granted as to it. *See Dixon v. Shirley*, 531 S.W.2d 386 (Tex.Civ. App.—Corpus Christi 1975, writ ref'd n.r. e.).

Appellee filed the following:

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, John Peter Smith Hospital and Rodgers Construction Company, Inc., hereby move the Court for an Order granting summary judgment pursuant to Rule 166–A of the Texas Rules of Civil Procedure, on the following grounds:

**138**

### I.

The pleadings filed in this cause show that the Plaintiff fails to state a claim on which relief can be granted because the Statute of Limitations, Section 16.003 of the Texas Civil Practice and Remedies Code, has barred the claims of the Plaintiff.

### II.

It is apparent from the pleadings filed in this cause that the claim stated by the Plaintiff in this cause did not accrue within two (2) years before the commencement of this action and that such claims are therefore barred by the provisions of Section 16.003 of the Texas Civil Practice and Remedies Code.

### III.

The pleadings filed in this cause show that the Plaintiff has not stated a claim for which relief can be granted because of her failure to affirmatively indicate compliance with the Statute of Limitations as contained in Section 16.003 of the Texas Civil Practice and Remedies Code and, therefore, her asserted claim is insufficient as a matter of law.

### IV.

This Motion is based on the pleadings filed in this cause.

. . . .

Appellant contends on appeal that this is insufficient to support the granting of a summary judgment. We agree.

■ When a nonmovant fails to timely file a written answer or response to the motion expressly presenting to the trial court other issues which would defeat the movant's right to summary judgment, she may not later assign them as error on appeal. *Harvey v. Alexander*, 671 S.W.2d 727, 729 (Tex.App.—Fort Worth 1984, no writ) (stating rule from *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979)). This means that either defects in the form of summary judgment proof, *Hillkee, Inc. v. Navarro Sav.*

*Ass'n*, 632 S.W.2d 374 (Tex.App.—Waco 1982, no writ), or an allegation that the motion fails to state the grounds on which it is to be granted with specificity, *Silva v. Wilson*, 617 S.W.2d 320 (Tex.Civ.App.—Austin 1981, no writ), must first be presented in the nonmovant's response to the trial court or they are waived on appeal. However, it has been held that when the nonmovant fails to file a response, she may contend on appeal for the first time that the grounds or evidence expressly presented to the trial court by the movant's motion are insufficient as a matter of law. *City of Houston*, 589 S.W.2d at 678; *Harvey*, 671 S.W.2d at 729; *Sugar Creek Homes Ass'n v. Berry*, 590 S.W.2d 590 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). We find appellees' motion insufficient to support a summary judgment as a matter of law.

■ The motion claims that the *pleadings* show the plaintiff's cause of action is barred as a matter of law under section 16.003 of the Texas Civil Practice and Remedies Code. We do not find this to be true. The plaintiff's pleadings alleges the injury occurred on July 1, 1985. The file mark on the petition indicates a filing date of June 29, 1987. This is within the two-year bar of section 16.003. We see no other potential bar, such as a lack of due diligence in serving the defendants, presented in the pleadings. Therefore, we find appellees' grounds presented in their motion insufficient as a matter of law to support a summary judgment. Appellant's points of error one, two, and three are sustained.

The judgment of the trial court is reversed and we remand the cause for a new trial.