Pete DIAZ, Pete Diaz, Jr., and Fort Ringold Golf Course, Appellants,

v.

Davis RANKIN and Kurv, Inc., Appellees.

No. 13–89–060–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1989.

Roger W. Hughes, Adams & Graham, Harlingen, for appellants.

Rose Marie Guerra Reyna, Lewis, Pettitt & Hinojosa, McAllen, for appellees.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Appellants, plaintiffs below, bring this appeal from an order dated December 20, 1988, entered by the trial court granting summary judgment in favor of appellees, defendants below.

Appellants filed a libel and slander action alleging that on or about February 11, 1987, during a program entitled "The Davis Rankin Morning Show," appellees disseminated a radio broadcast that by inuendo, insinuation, and/or implication stated that Pete Diaz, III, and Pete Diaz, Jr., are "drug dealers." Appellants assert that even though the complained of broadcast did not mention them by name, it did refer to the owner and operator of the Fort Ringold Golf Course. Appellants state that the Fort Ringold Golf Course is operated by Pete Diaz, III, and Pete Diaz, Jr. Appellants contend that appellees' statements are false and that they constitute

**498**

slander *per se*. Furthermore, they allege that appellees disseminated this information either knowing that it was false, or with heedless and reckless disregard for the statements' truth or falsity.

Appellees generally denied the suit and moved for summary judgment wherein they allege that no genuine issue of material fact exists. They state that appellants have failed to provide either a transcript or the exact wording of the alleged defamatory statements. Consequently, they contend that there is no evidence supporting the appellants' allegation that appellees disseminated defamatory statements. Alternatively, they state that the alleged statements were neither defamatory nor false and that they did not mention either Pete Diaz, III, Pete Diaz, Jr., or the Fort Ringold Golf Course in the course of the broadcast.

In their response to appellees' summary judgment motion, appellants concede that they have not been able to obtain a verbatim transcript of the alleged defamatory statements. However, they maintain that the court can determine if the alleged defamatory statement reasonably conveyed the meaning described to it. If the meaning of the language is ambiguous then the proper practice is to submit the issue to the jury.

Appellants' summary judgment evidence included two affidavits. In one affidavit, David Thorton states that on or about February 11, 1987, he was listening to radio station KURV. The host, Davis Rankin, was conducting an interview with Cecelia Gutierrez and Alice Hawley. When Rankin was informed that an Easter Seals golf tournament would occur at the Fort Ringold Golf Course, he made a statement pertaining to "whether participants would have to go up there and play with dope dealers." Thorton states that he knew Rankin's statement was a reflection on Pete Diaz, III, and Pete Diaz, Jr., because they were owners of the Fort Ringold Golf Course as well as participants in this particular golf tournament.

In the second affidavit, Pete Diaz, III, states that on or about February 11, 1987,

he was listening to the "Davis Rankin Show" on radio station KURV. Diaz states that when Rankin was told that an Easter Seals golf tournament would be held at the Fort Ringold Golf Course, Rankin made a statement pertaining to "whether participants would have to go to Rio Grande City and play with drug dealers/dope dealers." Diaz states that there is no question that the people Rankin referred to were the owners/stockholders of the golf course as well as participants in the tournament. At the time Rankin allegedly made this statement, Pete Diaz, Jr., and Pete Diaz, III, were stockholders in the Fort Ringold Golf Course.

Appellees' summary judgment evidence includes two affidavits. One affidavit, states in effect that neither he (Davis Rankin, Jr.) nor Hawley mentioned Pete Diaz, III, Pete Diaz, Jr., or the Fort Ringold Golf Course. In the second affidavit, Donald McCleery states that no one mentioned Pete Diaz, III, Pete Diaz, Jr., or the Fort Ringold Golf Course.

 By five points of error, appellants argue that the trial court erred in granting summary judgment favorable to appellees because a genuine issue of material fact exists. Slander is a defamatory statement orally communicated or published to a third individual without excuse. *Diesel Injection Sales and Services, Inc. v. Renfro*, 656 S.W.2d 568, 573 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.); 50 Tex. Jur.3d, *Libel and Slander*, § 3 (1986).

Appellees assert in their summary judgment motion that there is no evidence of a defamatory statement and that any statement made was neither defamatory nor false. Therefore, to be entitled to a summary judgment, appellees had the burden to prove that Rankin's alleged statement was not defamatory as a matter of law.

 Whether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the trial court. *Carr and Thiel v. Brasher*, 776 S.W.2d 567, 570 (1989). Furthermore, allegedly libelous or slanderous statements must be construed as a whole, in light of

surrounding circumstances based upon how a person of ordinary intelligence would perceive the entire statement. Only when the court determines the complained of language to be ambiguous or of doubtful import should a jury be permitted to determine the statement's meaning and the effect the statement has on the ordinary reader or listener. *See Musser v. Smith Protective Services, Inc.,* 723 S.W.2d 653, 655 (Tex.1987). If a written or oral statement unambiguously and falsely imputes criminal conduct to the plaintiff, it is libelous or slanderous per se. *Ramos v. Henry C. Beck Co.,* 711 S.W.2d 331, 334 (Tex.App. —Dallas 1986, no writ); *cf. Leyendecker & Associates, Inc. v. Wechter,* 683 S.W.2d 369, 374 (Tex.1984).

■ In the instant case, we cannot conclude that Rankin's statement referring to individuals as "dope dealers" is not slanderous as a matter of law. Thorton's affidavit relates in part that he knew Rankin's statement concerned Pete Diaz, III, and Pete Diaz, Jr., because they were owners of the Fort Ringold Golf Course as well as participants in the golf tournament. Based upon a review of Rankin's statement as a whole in light of the circumstances in which it was spoken, Rankin's words are reasonably capable of a defamatory meaning. Therefore, his statement is not unambiguous. As such, a jury should be permitted to determine the statement's meaning and the effect the statement had on the ordinary listener. *See Musser,* 723 S.W.2d at 655.

Appellees also raise the defense of truth. Under the *New York Times* standard, however, a plaintiff must prove that the alleged defamatory statements are false as part of his case in chief. *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 343, 94 S.Ct. 2997, 3008, 41 L.Ed.2d 789 (1974); *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964). This distinction makes no practical difference in a summary judgment proceeding where a defendant—movant bears the burden in either event. This distinction is of considerable importance in a trial on the merits. Nevertheless, we need not decide

whether every plaintiff in any defamation case, regardless of his status or that of the defendant, must prove falsity as an element of his cause of action. *See Philadelphia Newspapers, Inc. v. Hepps,* 475 U.S. 767, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986) (private figure plaintiffs are constitutionally required by the First Amendment to prove falsity when suing media defendants for defamation). In the instant case, no evidence exists to support the truth of the allegedly slanderous statements referring to appellants as drug dealers. Therefore, we conclude that the trial court erred in granting summary judgment if such judgment was based upon truth as an affirmative defense.

■ Appellees also assert in their summary judgment motion that Rankin's statement did not refer to appellants. The record reflects the existence of a fact issue regarding this assertion. Both Rankin and McCleery deny that appellants were ever mentioned during the subject broadcast. However, appellants presented affidavit evidence demonstrating that at least one person, Thorton, understood that Rankin referred to them when he allegedly made the complained of statement. In Texas, a statement does not have to specifically name the plaintiff in order to be defamatory. In other words, a statement may clearly be defamatory concerning someone, and yet on its face make no reference to the plaintiff. Every listener does not have to understand the statement to be a reference to the individual plaintiff as long as there are some who reasonably do. *Davis v. Davis,* 734 S.W.2d 707, 711 (Tex.App.— Houston [1st Dist.] 1987, writ ref'd n.r.e.); *Outlet Co. v. International Security Group, Inc.,* 693 S.W.2d 621, 626 (Tex.App. —San Antonio 1985, writ ref'd n.r.e.). We conclude that Thorton could have reasonably understood Rankin's alleged statement to be a reference to appellants. Thorton declares that he heard Rankin being told that the Easter Seals golf tournament would be held at the Fort Ringold Golf Course. He also states that he knew Rankin's statement concerned Pete Diaz, III, and Pete Diaz, Jr., because they were the

owners of the Fort Ringold Golf Course as well as participants in the golf tournament.

We hold that appellees did not meet their burden to prove the absence of at least one element of appellants' causes of action. *See* Tex.R.Civ.P. 166a(c). We sustain all of appellants' points of error.

By six "points of error," appellees contend that the trial court erred and abused its discretion in granting appellants' "Motion for Leave to file Affidavits in Response to defendants (sic) motion for Summary Judgment within 7 days of the hearing date" (hereinafter referred to as appellants' motion for leave to file late affidavits). The record reflects that on April 11, 1988, appellants filed the affidavits of David Thorton and Pete Diaz, III. Three days later they filed their motions for leave to file late affidavits. The summary judgment order indicates that the summary judgment hearing occurred on April 14, 1988. Through this order, the trial judge granted appellants' motion for leave to file late affidavits.

■ Our rules provide that "[e]xcept on leave of court, the adverse party, not later than seven days prior to the day of the hearing may file and serve opposing affidavits or other written response." Tex.R. Civ.P. 166a(c). Under this rule, the trial court clearly has discretion in allowing late filing of opposing proof any time before the signing of the summary judgment. *Nava v. Steubing*, 700 S.W.2d 668, 670 (Tex.App.—San Antonio 1985, no writ); *Harvey v. Alexander*, 671 S.W.2d 727, 729 (Tex.App.—Fort Worth 1984, no writ); *Whitexintl Corp. v. Justin Companies*, 669 S.W.2d 875, 877 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); *Travelers Construction, Inc. v. Warren Brothers Co.*, 613 S.W.2d 782, 785 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ The test for abuse of discretion is whether the trial court acted without reference to any guiding principles or whether it acted arbitrarily or unreasonably. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 634–35 (Tex.1986); *Daniell v. Citizens Bank*, 754 S.W.2d 407, 409 (Tex.App.—Corpus Christi 1988, no writ). The appellate court does not substitute its judgment for that of the trial court, and before the appellate court reverses a discretionary ruling, the record must clearly show that the trial court disregarded the rights of a party. *Yowell*, 703 S.W.2d at 635; *Daniell*, 754 S.W.2d at 409.

Appellees assert that the trial court erred and abused its discretion in granting appellants' motion for leave to file late affidavits because appellants failed to show the existence of "good cause" to support the late filing of the affidavits.

■ In order to successfully challenge the trial court's failure to consider late-filed affidavits, *Rhodes v. City of Austin*, 584 S.W.2d 917, 922 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.) states that a party can either show "good cause" why its affidavits were not timely filed or show an abuse of discretion by the trial court in refusing to consider affidavits filed later than seven days prior to the summary judgment hearing date. In the instant case, appellees are attempting to show that the trial court erred and abused its discretion in granting appellants' motion for leave to file late affidavits. Therefore, appellees have the burden to show that the trial court erred and abused its discretion in granting appellants' motion to file late affidavits. *See* Tex.R.Civ.P. 166a(c).

Here the summary judgment order indicates that a *separate* hearing concerning appellants' motion for leave to file late affidavits occurred on April 18, 1988. Appellees, however, have failed to include in the record a transcript of this hearing for our consideration. Therefore, appellees have not met their burden to illustrate that appellants failed to show "good cause" why their affidavits were not timely filed. This is also true concerning appellees' complaint that appellants failed to explain why they did not file their affidavits at least seven days prior to the hearing date; announced ready for trial at the summary judgment hearing; and failed to request a continuance. *See Yowell*, 703 S.W.2d at 635; *Daniell*, 754 S.W.2d at 409.

Appellees also maintain that the trial court erred and abused its discretion in granting appellants' motion for leave to file late affidavits because the affidavits came from an interested party. For many years, Texas courts held that the affidavit of an interested witness would not support a summary judgment. However, the 1978 amendment to Rule 166–A includes a provision that specifically allows the granting of a summary judgment motion based on the:

> uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Appellees argue that according to Rule 166a(c), only uncontroverted testimonial evidence of an interested witness may be considered in a summary judgment proceeding. This argument, however, relates to whether an affidavit amounts to competent summary judgment evidence. The argument does not address the issue whether the trial court abused its discretion in granting appellants' motion for leave to file late affidavits. *See* Tex.R.Civ.P. 166a(c).

Finally, appellees argue that the trial court erred and abused its discretion in granting appellants' motion for leave to file late affidavits because the affiants were not properly designated in interrogatory responses as persons with knowledge of relevant facts. Interrogatory number four requests Pete Diaz, III, to state "the name, address, and telephone number of any potential party and of any persons having knowledge of relevant facts to this lawsuit." Diaz listed himself, but he did not list David Thorton. Appellees argue that since appellants' affiants, David Thorton and Pete Diaz, III, were not persons properly named pursuant to Tex.R. Civ.P. 166b(2)(d) and 166b(6), their affidavits should not have been considered by the trial court in response to appellees' summary judgment motion. We note that appel-

lees failed to raise this objection at the trial court level. A movant may not be granted summary judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. He must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. *Chessher v. Southwestern Bell Telephone Co.,* 658 S.W.2d 563, 564 (Tex.1983). Moreover, this Court has already held that a party does not have to supplement its answers to interrogatories in order for the affidavits of previously undisclosed witnesses to be used in a summary judgment proceeding. *See Gandara v. Novasad,* 752 S.W.2d 740, 743 (Tex.App.—Corpus Christi 1988, no writ). We overrule all of appellees' arguments.

We REVERSE the trial court's judgment and REMAND the case to the trial court for a trial on the merits.